The employer and carrier appeal from an award of tbe Workmen’s Compensation Board granting death benefits. Decedent was employed as a counterman in a luncheonette. It is undisputed that on August 25, 1950, be fell behind tbe counter while at work and sustained serious bead injuries which required hospitalization. After bis release from tbe hospital decedent again fell while in a subway on September 23, 1950 sustaining further bead injuries. That evening be was taken to a hospital and underwent an operation for a brain hemorrhage. He died on September 26, 1950. Upon a previous appeal to this court (284 App. Div. 1079) from an award of death benefits, we said: “There is substantial evidence connecting decedent’s death with his first fall behind tbe counter in tbe luncheonette where be then worked.” This court reversed tbe award and remitted tbe matter to tbe Workmen’s Compensation Board, however because there was no specific determination by tbe board as to whether decedent slipped and fell or fell because of a fainting spell induced by internal causes. We also said: “It may be that an award can be justified on new findings, and as to that we express no opinion.” Thereafter additional proof was taken before a referee, and in a supplemental memorandum *1027 of decision the board stated: “Upon review of the entire record we now find that on August 25, 1950, the claimant, while at work, slipped and fell sustaining head injuries, as result of which he died on September 26, 1950”. The record on this appeal sustains such a finding. The accident was unwit-nessed, and claimant is entitled to the benefit of the presumption under section 21 of the Workmen’s Compensation Law. There is hearsay evidence that decedent told his wife and doctors that he slipped and fell, striking his head against something before he reached the floor. We think this evidence was sufficiently corroborated by “ circumstances or other evidence ” to satisfy section 118 of the Workmen’s Compensation Law. Among other things it appears that the floor behind the counter was smooth, hard wood without abrasive material or planking; that it was frequently wet and slippery; that it was slippery at the time of this accident, and there is medical testimony to the effect that the nature of decedent’s injuries following this first fall were more rationably explainable by a sudden, accidental fall than by a fall as the result of fainting. Upon the whole record there is substantial evidence to sustain the award. Award unanimously affirmed, with costs to the Workmen’s Compensation Board.
Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.