(January 20, 1972)

■ MARIA DOXTATOR, Appellant, v. GERTRUDE SWARTHOUT, Respondent, et al., Defendant. (Appeal No. 1.) — Order unanimously reversed, with costs, and motion granted. Memorandum: At an examination before trial in this malpractice action, the defendant doctor stated that she had reviewed some notes made after the incident which she described as " a resume of what I considered the pertinent facts that I wanted to recall " and that these were used by her to refresh her recollection with respect to the details of her testimony. Plaintiff's motion to compel discovery and inspection of these notes was denied by Special Term. In light of the liberal construction required to be accorded pretrial disclosure (CPLR 3101, subd. [a]), the rule regarding inspection applied at an examination before trial should be no more stringent than the rule applicable to trial testimony (*Bata* v. *Chase Safe Deposit Co.*, 99 N. Y. S. 2d 535, 579, affd. sub. nom. *Bata* v. *Bata*, 279 App. Div. 182, affd. 306 N. Y. 96; *Alfredsen* v. *Loomis*, 148 N. Y. S. 2d 468). Such being the case, the real issue to be decided is whether the use of these notes prior to testifying entitles plaintiff to discover and inspect them. We have concluded that there are persuasive reasons to permit such an inspection. It is well-settled law that an adversary has a right to inspect any writing used by a witness to refresh his recollection while on the stand (Richardson, Evidence [9th ed.], § 480). Two of the leading texts on evidence in New York favor application of the same rule to writings consulted by a witness before trial as to those during trial (Richardson, Evidence [9th ed.], § 480, pp. 490–491; 3 Wigmore, Evidence [3d ed.], § 762, p. 140) for the reason that the " risk to the adversary is precisely the same whether the witness refreshes his recollection by consulting a writing before trial or by consulting it while on the witness stand during trial " (Richardson, Evidence [9th ed.], pp. 490-491). We think it a sound rule that writings used prior to testifying for the purpose of refreshing the memory of a witness be made available to the adversary whether at the trial (*People* v. *Campiglia*, 258 App. Div. 916, affd. without opinion 287 N. Y. 723) or at pretrial examination (*Schwartz* v. *Broadcast Music*, 16 F. R. D. 31; *Alfredsen* v. *Loomis*, *supra*). The reason for permitting inspection is well stated in *Tibbetts* v. *Sternberg* (66 Barb. 201, 202–203) as follows: " If the witness cannot be compelled to produce it, he might use documents made for him by the party calling him, of the accuracy of which he knows nothing * * * The right of a party to protection against the introduction against him of false, forged or manufactured evidence, which he is not permitted to inspect, must not be invaded by a hair's breadth." Finally, whatever privilege may have attached to these notes made by defendant as " material prepared for litigation ", it seems to us, should be deemed waived when the party's deposition testimony is based, at least in part, on that material. When these notes were used by defendant to refresh her recollection, they became material affirmatively used in litigation and thus removed from the protection afforded under discovery practice, because her adversary then had a legitimate interest in inspecting this material in order to conduct a meaningful examination. Accordingly, the orders should be reversed and the motions granted. (Appeal from order of Erie Special Term — denying motion to compel discovery and inspection.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Cardamone, JJ.

■ MARIA DOXTATOR, Appellant, v. GERTRUDE SWARTHOUT, Respondent, et al., Defendant. (Appeal No. 2.) — Order unanimously reversed and motion granted. Same memorandum as in *Doxtator* v. *Swarthout* (38 A D 2d 782). (Appeal from order of Erie Special Term denying motion to compel discovery

and inspection.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Cardamone, JJ.