■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN STAVRIS, Appellant.—Judgment, Supreme Court, New York County, rendered October 26, 1978, reversed, on the law, and the case remanded for a new trial. Defendant-appellant was convicted by a jury of grand larceny, second degree, in that, being a manager of an off-track betting establishment, he had stolen $10,000 out of a deposit prepared and sealed by him for transmittal to a bank. The assigned error upon which we reverse was frustration by the court of an attempt by defendant to place in evidence a prior statement by the chief—and crucial—witness against him, claimed to have been inconsistent with his testimony at trial. Instead of submitting the question of consistency to the jury, the trial court ruled that "there is no contradiction that would warrant the playing of the tape" and sustained the objection. In evaluating the testimony of the witness relied upon by the prosecution to provide defendant-appellant's "exclusive opportunity" to have abstracted $10,000 from the OTB branch's deposit, the jury was thus deprived of the opportunity to learn that the witness had theretofore made a claimed inconsistent statement out of court. It had been recorded in the course of OTB's own investigation; of that, there was no question. The witness was, in a sense, defendant's alter ego in management of the branch, whose tour of duty was about to end for the day and was on his way to leave the premises after turning management over to defendant. He and defendant had just completed the careful checking of cash incidental to the transfer of responsibility. It was part of his job to observe defendant placing the day's deposit into a sealed bag and *to know* if defendant did so. Yet he told the OTB investigators three times that he did not *know* if defendant did so. At the trial he said that he did not *see* defendant do so. It is at least arguable that there is inconsistency, certainly as to degree of observation, between the two answers. The witness himself acknowledged on cross-examination that there was a difference between not seeing and not knowing. The court should have submitted the question of any difference to those whose duty it was to determine credibility. "Primarily at issue here is whether defendant's previous utterance was sufficiently inconsistent with his trial testimony to warrant its use on cross-examination. From earliest common-law days, a prior statement was admissible for impeachment purposes even though it did not directly contradict the witness' testimony (e.g., *Foster v Worthing,* 146 Mass 607; 3 Wigmore, Evidence [3d ed], § 1040). Our case law accords with this established precept. In *Larkin v Nassau Elec. R.R. Co.* (205 NY 267, 269, *supra),* for example, we emphasized: 'Nor need there be a direct and positive contradiction. It is enough that the testimony and the statements are inconsistent and tend to prove differing facts.' More recent cases, too, reiterate and apply the rule in this fashion (e.g., *People v Bornholdt,* 33 NY2d 75, 83, *supra; see People v Miles,* 23 NY2d 527, 543-544, cert den 395 US 948; *People v Johnson,* 27 NY2d 119, 122-123, cert den 401 US 966). Indeed, a more rigorous rule requiring direct contradiction would be at odds with the purpose underlying use of prior inconsistents, since such statements are admitted principally to assist the jury in its fact-finding role

(e.g., McCormick, Evidence [2d ed], p 69). In case of doubt, therefore, the balance should be struck in favor of admissibility, leaving to the jury the function of determining what weight should be assigned the impeachment evidence. Applied in this fashion, the law of previous contradictory statements will advance rather than impede the truth-seeking process." *(People v Wise,* 46 NY2d 321, 326-327.) Implicit in the statement in favor of "leaving to the jury the function of determining what weight should be assigned" is the corollary that the fact of inconsistency itself is a jury question to be decided by the triers of fact like any other credibility factor such as interest, bias, ability to observe, prejudice, etc. Considering all the circumstances, the court should not have decided the question of consistency as a matter of law but should have passed it to the jury to decide, with a proper instruction, as an issue of fact bearing on credibility. The ruling was at least an abuse of discretion so serious as to constitute an error of law. It cannot be considered harmless and had to be prejudicial. Two persons could have been deemed suspects, defendant and the man who testified against him. Deprived of knowledge of the witness' prior statement and knowing only that the witness—not defendant—had the opportunity of leaving the premises at once, the jury continued to deliberate for three days before verdict. Had the jury known of the prior statement, it is possible that that added factor might have changed the result. Concur—Fein, J. P., Markewich and Lupiano, JJ.

Ross and Silverman, JJ., dissent in a memorandum by Silverman, J., as follows: I would affirm the judgment of conviction. Granted that in case of doubt, the balance should be struck in favor of admissibility, the court must still decide whether there is enough doubt as to direct or indirect inconsistency to justify admitting the alleged contradictory statement. I think that in this case there is not enough doubt as to inconsistency for us to say that the Trial Justice was wrong in excluding the prior statement of the witness Viola. Both in the prior statement and at the trial, the witness was making the very well known distinction between what a person knows of his own knowledge and what he does not so know of his own knowledge. Thus both in the prior statement and at the trial, the witness said that he did not see defendant put the money in the bag. But he said that he "did not know" that defendant had not put the money in the bag; obviously he could not have personal knowledge as to whether the defendant had put the money in the bag without the witness seeing it. At the trial he explicitly made this distinction on cross-examination, agreeing that there was "a difference between not seeing someone put money in a bag and not really knowing whether or not someone put money in a bag"; that those were "different answers", and that he was not now saying that defendant did not put the money in the bag but only that he did not see defendant put the money in the bag. Thus, I think that the prior statement and the testimony at the trial were perfectly consistent. By the same token, "Even if I am technically wrong and enough can be squeezed from these poor and puny [inconsistencies] to turn the color of legal litmus paper" (Holmes, J., dissenting in *Abrams v United States,* 250 US 616, 629), the "inconsistencies" are so tenuous that the exclusion does not warrant reversal. I would add that in my view neither exclusion nor admission of the prior statement would be of sufficient significance to warrant reversal.