■ DAVID W. HERRMANN, Appellant, v GENERAL TIRE AND RUBBER CO., INC., et al., Respondents. — Judgment, Supreme Court, New York County, entered May 16, 1979 on a jury verdict for the plaintiff in the sum of $25,500 plus costs and interest, unanimously reversed, on the law and the facts, with costs to plaintiff and the action remanded for a new trial on the issue of damages only. In this personal injury action, the 79-year-old plaintiff sues for personal injuries sustained in an accident in defendants' parking lot. After getting out of his vehicle at the direction of an employee of defendants, plaintiff was struck by his own vehicle when the employee started the vehicle intending to remove it from the parking lot. Plaintiff was struck on the left leg in the area of the knee, allegedly causing his body to twist and spin around and fall against another car. Although the surface injuries appeared to be abrasions of the left knee, a tentative diagnosis within two days of the accident indicated injury to the meniscus. Plaintiff continued to complain about pain in the area of the left groin. In his bill of particulars, plaintiff claimed to have sustained a sprain of the medial-collateral ligament of the left knee, a tear of the mid-portion and posterior horn of the medial meniscus of the left knee, with separation and development of popliteal cyst, compression of the lateral tibial plateau of the left knee, and synovitis of the left knee. A supplemental bill of particulars served on December 19, 1977, one year after the accident and almost two years prior to the trial, claimed additional injuries involving tears in the muscles of the left groin and left inguinal hernia, both requiring hospitalization and surgery. Postoperatively, plaintiff allegedly contracted pneumonia. Despite testimony by one of plaintiff's doctors that the accident was a competent producing cause of the hernia, the court excluded from the jury's deliberation consideration of the hernia and pneumonia. The court acted upon the premise that a hospital record in evidence relating to hospitalization of the plaintiff

some nine years earlier revealed the presence of a left side small tract hernia. Defendants' counsel cross-examined plaintiff, attacking the claim of causal connection between the accident and hernia. The court found the hospital record to have probative and conclusive effect, and upon that basis excluded testimony by plaintiff's doctor and surgeon which contradicted the hospital record and in which they asserted that the accident was a competent producing cause of the injury. The excluded testimony would have shown that no left side hernia was found during examinations prior to the accident, which were conducted long after the hospitalization of nine years earlier. It is plain that the testimony and the record as to this injury were contradictory. However, this is not a ground for excluding the testimony and the injury from the jury's consideration. Manifestly, a jury issue was raised as to whether the groin injury and the hernia were caused by the accident. The court erred in excluding this from the jury. There were a number of other errors, all going to the question of damages. Thus, the court improperly excluded the testimony of the witness Di Salvo, an employee of the defendants, to whom complaint was made by the plaintiff within minutes after the accident. This testimony was offered to show plaintiff's condition, but was improperly excluded for the reason that Di Salvo was not a witness to the occurrence itself. It was not necessary that Di Salvo be a witness to the occurrence since he was called not to prove liability but merely the condition of the plaintiff immediately after the accident. This became particularly significant in the light of the fact that the court permitted the defendants to introduce in evidence the opinion testimony of Dr. Nathan Botwin as to plaintiff's condition, by way of deposition. At the time of the deposition and trial, the doctor was retired and living in Florida. At the time of the accident, Dr. Botwin, an internist, claimed to have been 15 feet from the point of the accident. He did not examine plaintiff as a patient. Nevertheless, the trial court permitted defendants to read into evidence portions of his deposition in which he testified that he did not render medical assistance at the scene, that none was asked of him and that in his opinion there was no occasion to offer assistance. Plaintiff was entitled to an instruction to the jury that the doctor was not expressing an expert opinion but was just a lay witness. Plaintiff was also entitled to examine a tape recording made by defendants' insurance carrier when it first contacted the doctor. The tape had been used to refresh the recollection of Dr. Botwin prior to the deposition. As a document used for such purpose, plaintiff was entitled to have it made available. Although the court listened to the tape *in camera* and ruled it was not inconsistent with the deposition, this is not sufficient. Plaintiff's counsel was entitled to hear it and make his own determination as to whether he wished to use it. The court's ruling that the tape was privileged as attorney's work product was erroneous. It had been used to refresh the witness' recollection before the deposition. Any privilege was waived by such use *(Doxtator v Swarthout,* 38 AD2d 782). There were a number of other improper limitations on plaintiff's presentation of the injury and damage testimony. The court consistently interfered with plaintiff's proof. A substantial number of objections were made by the court. Many of them were improper. The totality was such as to deny plaintiff the fair trial to which he was entitled on the issue of damages. The liability of the defendants is undisputed. Concur — Birns, J. P., Fein, Sullivan, Markewich and Yesawich, JJ.