■ MERRILL LYNCH REALTY COMMERCIAL SERVICES, INC., Respondent, v RUDIN MANAGEMENT CO., INC., et al., Defendants, and DREXEL, BURNHAM, LAMBERT, INC., Appellant. — Order, Supreme Court, New York County (Klein, J.), entered December 28, 1982, in this action to recover a real estate brokerage commission, granting plaintiff's motion for a protective order against discovery sought by defendant-appellant Drexel, Burnham, Lambert, Inc., of a document, deeming it privileged and irrelevant to the action, unanimously reversed, on the law and the facts, and plaintiff's motion for a protective order denied, without costs or disbursements. Plaintiff alleges that it entered into an agreement with appellant Drexel, Burnham to act as its broker to procure space in lower Manhattan. Plaintiff claims that thereafter, on July 22, 1981, Drexel, Burnham informed by telephone plaintiff's officer, Redmond, that another would act as Drexel, Burnham's broker but that plaintiff would be protected on its commission on space which plaintiff had found at 55 Broad Street. Drexel, Burnham leased that space and plaintiff is suing to recover the commission. At his deposition Redmond disclosed that, a few days after the July 22 call and after consulting plaintiff's outside counsel, he drew up a chronology covering the dealings between plaintiff and Drexel, Burnham from December, 1980 to July, 1981. He also stated that he had reviewed the chronology in preparation for his deposition. Drexel, Burnham served a notice of discovery and inspection of the chronology against which plaintiff obtained the protective order that is under appeal. We find that the chronology is relevant and that any privilege adhering to it has been waived (*Herrmann v General Tire & Rubber Co.,* 79 AD2d 955; *Doxtator v Swarthout,* 38 AD2d 782). In the latter case a defendant doctor in a malpractice action had made some notes as an *aide-memoire* after the concerned incident and used them to refresh her recollection prior to her deposition. The Fourth Department held it "a sound rule that writings used prior to testifying for the purpose of refreshing the memory of a witness be made available to the adversary whether at the trial * * * or at pretrial examination" (p 782). It held that the privilege of such material is waived when it becomes the basis of pretrial testimony and that the adversary has a legitimate interest in inspecting it. By the *Herrmann* decision this department has concurred with the finding of *Doxtator.* Concur — Carro, J. P., Bloom, Fein, Lynch and Kassal, JJ.