OPINION OF THE COURT
Gerard M. Weisberg, J.
These motions address the issue of whether the privilege afforded a document by Education Law § 6527 (3) is waived when the writing is used to refresh the recollection of a witness at a deposition.
In this action for the wrongful death and conscious pain and suffering of Iris Slotnik, claimant Gerald Slotnik has sought discovery of various items. The defendant, the State of New York, owner and operator of Downstate Medical Center (Downstate), where decedent met her death, has moved for a protective order under CPLR 3122 and claimant has cross-moved to compel disclosure.
Three demands in claimant’s notice for discovery and inspection concern us here. Specifically, claimant requests the production of "3. Reports of [the incident] made by the hospital to the New York State Office of Mental Health, Commission on Quality Care * * * 31. Report of the Special Review *554 Committee [and] 32. Report of the Mortality Review Committee”. Defendant’s attorney has represented to the court that items 3 and 31 are identical.
We have conducted an in camera inspection of the documents submitted in response to these demands. They are patently products of an in-house quality-care review at Downstate. Thus, the privilege afforded by Education Law § 6527 (3) would normally be applicable as a shield to their disclosure. (See, Palmer v City of Rome, 120 Misc 2d 558.) That statute precludes discovery of records of a committee having the responsibility of evaluation and improvement of "the quality of care rendered in a hospital as defined in article twenty-eight of the public health law”. (Education Law § 6527 [3].) It is uncontested that Downstate is a facility within the purview of this provision.
Prior to these motions, Dr. Martin Brecher was produced by the defendant for an examination before trial. According to the documents submitted for review, he was, on August 19, 1983, the Acting Director of the Psychiatry Inpatient Unit at Downstate. Before being deposed, he reread both the Report to the Special Review Committee and the Report to the Mortality Review Committee for the purpose of refreshing his recollection.
Generally, an adversary has the right to examine any writing used by a witness to refresh his recollection at trial. (People v Gezzo, 307 NY 385; Richardson, Evidence § 467 [10th ed].) This rule has been extended to include the disclosure of a document used by a witness at pretrial examination. (Doxtator v Swarthout, 38 AD2d 782; see, Fisch, New York Evidence § 333 [2d ed].) The reason behind this requirement is to prevent a witness from using a writing that may furnish him with a false recollection and to protect a party against "the introduction against him of false, forged or manufactured evidence, which he is not permitted to inspect”. (Tibbetts v Sternberg, 66 Barb 201, 203.)
Where the writing that is employed would otherwise be privileged, use by the witness to refresh his recollection serves as a waiver. This principle has been applied in cases involving the privileges attaching to material prepared for litigation (Doxtator v Swarthout, 38 AD2d 782, supra), an attorney’s work product (Herrmann v General Tire & Rubber Co., 79 AD2d 955), and the attorney-client privilege (Carpenter Co. v ABC Carpet Co., 98 Misc 2d 1091). (See also, Merrill Lynch *555 Realty Commercial Servs. v Rudin Mgt. Co., 94 AD2d 617; cf. Geffers v Canisteo Cent. School Dist. No. 463201, 105 AD2d 1062.)
Education Law § 6527 (3) was enacted to provide a "certain degree of confidentiality for medical review committee meetings” so that free and open discussion concerning the improvement of health care would not be discouraged. (See, Lenard v New York Univ. Med. Center [Univ. Hosp.], 83 AD2d 860.) However, the confidentiality created by this is not absolute. Specifically "the proceedings [and] records relating to performance of a medical review function” shall not be subject to disclosure "except * * * as provided by any other provision of law.” (Education Law § 6527 [3]; see also, Matter of Camperlengo v Blum, 56 NY2d 251, 254; Villano v State of New York, 127 Misc 2d 761.)
We hold this latter phrase to mean case law as well as statute. (Clark v Lake Shore & Mich. S. Ry. Co., 94 NY 217; see also, Erie R. R. Co. v Tompkins, 304 US 64, overruling Swift v Tyson, 16 Pet [41 US] 1.) Consequently, pertinent case law requiring production of otherwise privileged documents is applicable and the writings in question are discoverable.
Underlying this determination is the fact that Dr. Brecher effectively waived any of defendant’s rights with respect to these documents when he used them to refresh his recollection. As Acting Director of the Psychiatry Inpatient Unit, he had the authority to do so. We take no position on whether this result would have occurred in the case of a deposition of a nonsupervisory member of the hospital’s staff. Additionally, although we have held the documents disclosable under the CPLR, we have not considered and make no ruling concerning their admissibility at trial. (McKinney v State of New York, 111 Misc 2d 382; Siegel, NY Prac § 344 [disclosure].)