■ KATHERINE E. ROUSE, Respondent, v COUNTY OF GREENE et al., Defendants, and ELWOOD G. WEISENBURN et al., Appellants.—Main, J. Appeal from an order of the Supreme Court at Special Term (Connor, J.), entered February 13, 1985 in Greene County, which denied the motion of defendants Elwood G. Weisenburn, Robert Chaloner and Joseph Cally to compel disclosure.

Plaintiff commenced this medical malpractice action in October 1981. In May 1984, during the examination before trial of plaintiff, she stated that she had, just prior to the pretrial examination, refreshed her recollection of the events surrounding the malpractice action by reviewing a diary kept by her mother. The diary, according to plaintiff, was a day-by-day account of plaintiff's medical treatment and was kept by her mother at the direction of certain unidentified attorneys in New Jersey. Defendants Elwood G. Weisenburn, Robert Chaloner and Joseph Cally (hereinafter defendants), all physicians, requested a copy of the diary and, after plaintiff refused such request, moved for an order compelling disclosure. Special Term denied the motion, concluding that the diary was material prepared for litigation and that defendants had not shown that withholding it would result in injustice or undue hardship *(see,* CPLR 3101 [d] [2]).

We reverse. In so doing, we need not reach the issue of whether withholding the diary would result in injustice or undue hardship, for we are of the opinion that plaintiff waived whatever conditional privilege that may have existed with regard to the diary when she used it to refresh her recollection prior to her deposition *(see, Doxtator v Swarthout,* 38 AD2d 782; *see also, Merrill Lynch Realty Commercial Servs. v Rudin Mgt. Co.,* 94 AD2d 617; *Herrmann v General Tire & Rubber Co.,* 79 AD2d 955, 956). Where, as here, a witness testifying at a pretrial examination uses some writing to refresh her memory and bases her deposition testimony on that writing, any claim that the writing is privileged as having been prepared for litigation has been waived *(see, id.).* Plaintiff's attempt to distinguish the cases in support of this

rule on the ground that it was not plaintiff herself but, rather, plaintiff's mother who had kept the diary is without merit in light of the fact that the reason behind the aforementioned rule is to afford opposing counsel an opportunity to view the writing in question so that he might conduct a meaningful examination with regard thereto *(see, Doxtator v Swarthout, supra)*.

Order reversed, on the law, without costs, motion granted and plaintiff is directed to comply with paragraph No. 1 of the notice of discovery and inspection within 10 days after service of a copy of the order to be entered upon this decision with notice of entry. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.