■ SHASHIKANT A. KULKARNI, Appellant, v MAHESH KINKHABWALA et al., Respondents.—In an action, inter alia, to recover damages for breach of contract, tortious interference with a contract, tortious interference with a contract and slander, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Orange County (Patsalos, J.), dated June 19, 1986, as (a) directed him to divulge how he obtained a written X-ray report concerning a patient who was not involved in the instant litigation, and whether a valid authorization for said X-ray report was obtained and (b) failed to impose sanctions against the defendants and their attorneys for refusing to continue with their depositions, and (2) so much of an order of the same court, also dated June 19, 1986, as (a) directed him to produce notes

and diaries he used to refresh his recollection prior to his examination before trial and (b) directed him to produce authorizations for release of certain of his personnel files.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

It is beyond cavil that an X-ray report is normally entitled to protection from disclosure since it constitutes a confidential communication between a physician and patient *(Parker v Boston & Maine R. R.,* 5 AD2d 1035; CPLR 4504 [a]; 3101 [d]). Nevertheless, in the case at bar, during an examination before trial of the defendant Lumley, the plaintiff's attorney (1) produced and marked for identification a written preliminary X-ray report, purportedly prepared by Lumley, concerning a patient who was not involved in any way in the instant litigation, and (2) refused to provide Lumley's attorney with any information as to how he had obtained this particular X-ray report.

Under these circumstances, Special Term did not abuse its discretion in directing the plaintiff to divulge "how the x-ray in question was obtained, and whether a valid authorization was obtained or otherwise be precluded from any use of the report" *(see, Boddy v Parker,* 45 AD2d 1000; *see also, Hughson v St. Francis Hosp.,* 93 AD2d 491).

We have examined the plaintiff's remaining arguments and find them to be without merit *(see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403; *Doxtator v Swarthout,* 38 AD2d 782; *Rouse v County of Greene,* 115 AD2d 162; *Barbato v Tuosto,* 38 Misc 2d 823; CPLR 3126, 3101 [a]). Mangano, J. P., Rubin, Kooper and Harwood, JJ., concur.