■ DANIEL W. HAYES, Respondent, v MARGARET HENAULT, Appellant. (Action No. 1.) VICTOR POLITI, SR., Individually and as Parent and Natural Guardian of VICTOR POLITI, JR., an Infant, Respondent, v MARGARET HENAULT, Appellant. (Action No. 2.)—Yesawich, Jr., J. Appeal from an order' of the Supreme Court (Walsh, Jr., J.), entered February 27, 1986 in Fulton County, which, after granting defendant's motion for reargument, adhered to its original decision setting aside verdicts in favor of plaintiffs and directing a new trial on the issue of damages only.

These actions arise out of a motorcycle accident which occurred on June 17, 1981 in the Village of Broadalbin, Fulton County. Plaintiff Daniel W. Hayes was driving his motorcycle and Victor Politi, Jr. (hereinafter Politi) was a passenger thereon. The accident occurred at night at a "Y" intersection and plaintiffs[1] allege that a car traveling in the opposite direction had its high beam headlights on and was over the center line as it proceeded through the intersection, blinding Hayes and forcing the motorcycle off the road. Plaintiffs commenced separate actions which were tried together before a jury. Politi and Hayes testified as to how the accident took place, but were unable to identify or describe the car or driver which forced them off the road. They offered testimony of two witnesses who were standing along the road near to but out of sight of the intersection where the accident took place, who testified that soon after the motorcycle went by, a car driven by defendant came by from the opposite direction, discharged a passenger and turned around, and drove back along the road. The witnesses testified that the car had its high beams on and was the only car to travel in either direction along the road. Soon thereafter, the witnesses drove off along the road and discovered the accident. Politi and Hayes also offered proof regarding their injuries.

Defendant and her passenger testified that they did not see a motorcycle on the road near the intersection that night. The jury found that negligence on the part of both defendant and

1. Plaintiff Victor Politi, Sr., is the father of Victor Politi, Jr., and he allegedly incurred substantial expenses to pay for his son's medical treatment. He also asserted a derivative claim.

Hayes proximately caused the accident, and assessed their relative culpable conduct at 50% each. The jury initially arrived at damage figures of $25,300 for Hayes, $33,000 for Politi and $1,350 for Politi's father. The jury was instructed to reconsider the Politis' damages since it was clear that it mistakenly attributed medical expenses to Politi when the evidence demonstrated that they were paid by his father. The jury returned damage figures of $4,000 for Politi and $30,350 for his father. Supreme Court determined that the awards to Politi and Hayes were unreasonably inadequate and that the award to Politi's father was unreasonably excessive. Accordingly, a new trial was ordered as to damages only. The court denied defendant's motion for a new trial on all issues. Subsequently, Supreme Court granted defendant reargument, but adhered to its prior decision. Defendant has appealed from the postverdict order of Supreme Court.[2]

Defendant contends, and we agree, that a new trial should also be had on the issue of liability. Because this issue was not only critical but sharply contested, we are of the view that Supreme Court's ruling prohibiting defendant from cross-examining Politi with respect to Hayes' negligence is an error of such magnitude as to also warrant a new trial on liability.

Four years prior to the commencement of the trial, the Politis, in exchange for $10,000, released Hayes from all claims they had against him arising out of the June 17, 1981 incident. Court approval of that settlement was required and obtained because Politi was an infant at the time. Thereafter, Hayes and the Politis proceeded solely against defendant. At the trial, it was developed that Politi had indicated to the investigating police officers that the accident occurred because Hayes was going too fast "for the corner and lost it" in the sand and, further, that Politi had neglected to mention anything regarding oncoming headlights or a car running them off the road. In an attempt to develop the obvious inconsistencies inherent in these different versions of the occurrence, defense counsel asked:

"Q. Did you ever say Mr. Politi, that the accident was [Hayes'] fault?

"A. No, sir."

---

2. Defendant did not take an appeal from the judgments entered on the order. While, generally, an appeal taken from an order which is followed by entry of a final judgment must fail, and an appeal be taken from the judgment, in the interest of justice the appeal can be deemed to have been taken from the judgment in which the order was subsumed (Frankel v Manufacturers Hanover Trust Co., 106 AD2d 542).

An objection to this question, that it was contrary to an agreement had by counsel at the outset of the trial that the settlement would not be alluded to, was made. At a conference which followed, had by Supreme Court with counsel in chambers, a discussion ensued as to whether defense counsel in fact had a good-faith basis to inquire further along these lines and eventually resulted in the court's ruling, which we find constitutes reversible error, that inquiry as to anything Politi had said to achieve the settlement with Hayes—though it was expressly represented that reference would not be made to the fact a settlement had been arrived at—would not be permitted.

That there was a good-faith basis for defense counsel's proposed inquiry is apparent from the fact a settlement of the Politis' claim against Hayes, based on the latter's negligence, was indeed had and Hayes' liability insurance carrier wittingly paid the limits of its policy. Manifestly, the Politis convincingly put forth a claim that Hayes was at fault to some appreciable extent, if not solely, for the happening of the accident.

Furthermore, we are unpersuaded that the proposed line of questioning would have run afoul of CPLR 4533-b. Defendant's efforts were plausibly aimed at exposing inconsistencies intrinsic in Politi's testimony. The latter's statements, made to effect the Hayes settlement, were not being offered to mitigate damages, but to impeach Politi's credibility. Inasmuch as he had a motive to lie, defendant should have been afforded the opportunity to show the jury that at another time the Politis had charged that it was Hayes' conduct that had caused their injuries and damages.

It being likely that on retrial Supreme Court will again be asked to render evidentiary rulings on several of the very same issues which defendant maintains were erroneously decided, we deem it advisable to address them also. Defendant contends that the court erred in not admitting into evidence bills of particulars submitted by the Politis and Hayes wherein it was alleged defendant's lights blinded Hayes, but no mention was made that defendant's car crossed the center line. At trial, Politi and Hayes testified they were run off the road by a car which crossed the center line. Inasmuch as the prior statements are inconsistent or tend to prove differing facts, they are prior inconsistent statements (see, People v Stavris, 75 AD2d 507). A written inconsistent statement which is to be used to impeach a witness may be introduced into evidence if the proper foundation is laid (see, Fisch, New York

Evidence § 478, at 314 [2d ed]). After it is so introduced, it may be used for cross-examination and may be read to the jury. Since a bill of particulars is a pleading, it is always before the court and may be referred to by counsel and its contents may be read to the jury (Fisch, New York Evidence § 16, at 7 [2d ed]). Thus, it need not be introduced as evidence. Finally, a bill of particulars, or any other inconsistent statement made by a party, is admissible as evidence-in-chief against the party under the statement by a party opponent exception to the hearsay rule (Richardson, Evidence §§ 213, 502, at 188-189, 490 [Prince 10th ed]). In this case, the bill of particulars of Hayes was fully admissible, not only to impeach his testimony, but as direct evidence, and defendant had a right to show it to the jury, though it need not have been formally introduced into evidence. However, the bill of particulars served on behalf of Politi, completed and verified as it was by his father, was not admissible against him (Richardson, Evidence § 235, at 209 [Prince 10th ed]).

Defendant also argues that Supreme Court erred in directing her attorney to turn over to the Politis' attorney a written statement given by a police officer to defense counsel. While defendant contends that the statement was privileged as either the attorney's work product or material prepared for litigation (see, CPLR 3101 [c], [d]), no such objection was advanced at trial. Defendant's attorney objected to production of the statement on the ground that it had not yet been used by the witness to refresh his recollection. In fact, he conceded that if the witness later so used the statement, he would turn it over to the Politis' attorney (see, Herrmann v General Tire & Rubber Co., 79 AD2d 955, 956; Doxtator v Swarthout, 38 AD2d 782). Nonetheless, we agree that Supreme Court erred in directing defendant's attorney to turn the statement over to his adversary. Neither the attorney for the Politis nor the court offered any legal authority for such holding. It appears that they were relying on the principle that an adversary has a right to inspect any writing used by a witness to refresh his recollection (Richardson, Evidence § 467, at 457-458 [Prince 10th ed]), whether it is used at the time the witness is testifying or prior to trial (see, Herrmann v General Tire & Rubber Co., supra). That principle does not apply until the witness actually uses the document to refresh his recollection. Here, the Politis called the police officer on their direct case. In beginning his direct examination, the Politis' attorney asked the officer if he had given a statement to defendant's attorney. When he replied in the affirmative, the statement

was ordered to be turned over. This was error. The purpose of turning the statement over is for cross-examination. Since the officer had not even testified for defendant at that point, the Politis' attorney was not entitled to examine the statement. To hold otherwise would encourage attorneys to call their adversaries' witnesses as their own for the purpose of obtaining any statements made to their adversaries.

Order modified, on the law, without costs, by reversing so much thereof as directed that plaintiffs have judgment against defendant on the issue of liability; matter remitted to Supreme Court for a new trial on the issues of damages and liability; and, as so modified, affirmed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.