■ GARY STERN, Respondent-Appellant, v AETNA CASUALTY & SURETY COMPANY, Appellant-Respondent.—Order unanimously modified on the law and as modified affirmed with costs to plaintiff, in accordance with the following memorandum: Supreme Court erred in limiting discovery and inspection of defendant's files to only those documents predating the commencement of this action. The record of the examination before trial discloses that Aetna's representative reviewed the entire file prior to testifying at his deposition. "We think it a sound rule that writings used prior to testifying for the

purpose of refreshing the memory of a witness be made available to the adversary whether at the trial * * * or at pretrial examination" *(Doxtator v Swarthout,* 38 AD2d 782). Where, as here, a witness testifying at a pretrial examination uses some writing to refresh his recollection and bases his deposition testimony on that writing, any claim that the writing is privileged as having been prepared for litigation has been waived *(Rouse v County of Greene,* 115 AD2d 162; *Merrill Lynch Realty Commercial Servs. v Rudin Mgt. Co.,* 94 AD2d 617; *Doxtator v Swarthout, supra).* (Appeals from order of Supreme Court, Monroe County, Curran, J.—discovery.) Present—Callahan, J. P., Denman, Boomer, Balio and Lowery, JJ.