In the Matter of LENNY McN. and Others, Children Alleged to be Neglected. JACKIE McN. et al., Respondents, and JANIE McN., Intervenor-Respondent; LENORE GITTIS, as Law Guardian, Appellant.—Order, Family Court, Bronx County (Harold Lynch, F.C.J.), dictated on the record and entered on or about November 18, 1991, which directed disclosure to intervenor-respondent of the entire casework file of a social worker called as a witness by the law guardian for the infants herein, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the matter remanded for a continuation of the dispositional hearing in compliance with the following directions.

In reviewing the voir dire testimony of this witness with respect to her prior use of the file, we find her responses far too equivocal to support the Family Court's conclusion that the law guardian should be charged with a wholesale waiver of the confidential communication privilege (CPLR 4508), as well as the immunity from disclosure of both counsel's work product (CPLR 3101 [c]) and materials "prepared in anticipation of litigation or for trial" (CPLR 3101 [d] [2]). Entirely ignored was the mandate of the last cited paragraph that, assuming the intervenor had made the threshold showing of necessity (which she clearly had not), "the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney *or other representative* of a party concerning the litigation" (emphasis added). We hold that a social worker, employed by a law guardian in a Family Court proceeding to determine custody in the best interest of an infant, is a "representative" of the infant for the purpose of this statute. And, while we recognize that a more liberal approach to discovery where a witness makes use

of material to refresh recollection has been deemed appropriate in the context of ordinary civil litigation *(Doxtator v Swarthout,* 38 AD2d 782; *Stern v Aetna Cas. & Sur. Co.,* 159 AD2d 1013), the confidentiality and sensitivity of Family Court custodial litigation clearly call for stricter limitations.

The law guardian has conceded the propriety of disclosure to the intervenor of notes of the pertinent interviews conducted by the witness, and these are no longer an issue.

No further discovery from this witness is warranted unless the law guardian seeks to elicit her adverse opinion, as an expert, on the propriety of placement with the intervenor of the grandchild, whose care and custody is at issue. If that course is pursued, the law guardian shall comply with the requirements of CPLR 3101 (d) (1) (i) five days prior to the resumed hearing. Concur—Sullivan, J. P., Carro, Wallach and Smith, JJ.