■ LESLIE CRAWFORD, Individually and as Administrator of the Estate of RUTH BURNS, Deceased, Appellant, v ASOK K. LAHIRI et al., Respondents. [673 NYS2d 189] —In an action, *inter alia*, to recover damages for wrongful death based upon alleged medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered May 27, 1997, as denied those branches of her motion which were to compel disclosure of (1) the application by the defendant Dr. Babar Mirza for emergency room privileges at the defendant New Rochelle Hospital Medical Center and the records of the action thereupon by New Rochelle Hospital Medical Center, and (2) any records reflecting treatment of the plaintiff's decedent reviewed by the defendant Dr. Babar Mirza in preparation for his deposition.

Ordered that the order is reversed insofar as appealed from, with costs, and those branches of the plaintiff's motion which were to compel (1) discovery of the application by the defendant Dr. Babar Mirza for emergency room privileges at the defendant New Rochelle Hospital Medical Center and the records of the action thereupon by New Rochelle Hospital Medical Center, and (2) disclosure of any records reflecting treatment of the plaintiff's decedent reviewed by Dr. Babar Mirza in preparation for his deposition, are granted.

Following court-ordered disclosure, the plaintiff amended her bill of particulars to allege that the defendant New Rochelle Hospital Medical Center (hereinafter the hospital) had been negligent in granting full emergency room privileges to the defendant Dr. Babar Mirza. Accordingly, the plaintiff is entitled to receive a copy of Dr. Mirza's application for privileges and any record of the hospital's action thereupon, where the hospital has not asserted that the documents demanded were actually "engendered and used in the course of formal proceedings by a hospital review committee" (*Van Caloen v Poglinco*, 214 AD2d 555, 557). This disclosure is not foreclosed because a previous ruling by the court denied the plaintiff access to Dr. Mirza's entire personnel file (*see, e.g., Garguilio v Garguilio*, 168 AD2d 666), at a time when the plaintiff had not acquired enough information to know that she had a claim for the negligent granting of privileges (*see, e.g., Smith v Metropolitan Transp. Auth.*, 226 AD2d 168, *lv denied* 89 NY2d 803, *cert denied sub nom. Smith v Metro-North Commuter R. R.*, 520 US 1186; *U.S. Ice Cream Corp. v Carvel Corp.*, 190 AD2d 788).

Further, if Dr. Mirza reviewed any records regarding the plaintiff's decedent's treatment in preparation for his testimony, he was required to divulge that fact and turn over the records, whether or not his review was expressly admitted to be for purposes of refreshing his recollection (*see, e.g., Chabica v Schneider*, 213 AD2d 579; *Stern v Aetna Cas. & Sur. Co.*, 159 AD2d 1013; *see also, McDonough v Pinsley*, 239 AD2d 109), and whether or not the material had been supplied to him by his attorney (*see, e.g., Grieco v Cunningham*, 128 AD2d 502; *Herrmann v General Tire & Rubber Co.*, 79 AD2d 955). Bracken, J. P., O'Brien, Copertino and Altman, JJ., concur.