◼ SALLY CROMP, Individually and as Parent and Natural Guardian of E.C., an Infant, Respondent, v PRABHAT K. AHLUWALIA, M.D., Appellant. [842 NYS2d 842]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered October 5, 2006 in a medical malpractice action. The order granted plaintiff's motion to strike the trial testimony of defendant's medical expert, to set aside the verdict, and for a new trial.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the verdict is reinstated.

Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries allegedly sustained by her infant daughter during the birthing process. Plaintiff's daughter has Erb's palsy, also known as brachial plexus injury, which occurs when the nerve that supplies function and sensation to the arm is stretched. Following a trial, the jury returned a unanimous verdict finding that defendant had not departed from accepted medical practice in his treatment of plaintiff and that defendant had provided appropriate information to plaintiff before obtaining her consent to perform a vaginal delivery. Supreme Court thereafter granted plaintiff's motion to strike the testimony of defendant's medical expert, to set aside the verdict, and for a new trial on all issues.

We conclude that the court erred in granting that part of plaintiff's posttrial motion to strike the testimony of defendant's medical expert, and thus erred in setting aside the verdict and granting a new trial. In seeking to strike the testimony of defendant's medical expert, plaintiff contended that the expert failed to make available for inspection all of the documents he reviewed in formulating his opinion. Contrary to plaintiff's contention, CPLR 4515 does not require an expert witness to make available for inspection all of the data he or she used to formulate an opinion. That statute provides only that an expert witness may on cross-examination "be required to specify the data and other criteria supporting the opinion" (id.).

Contrary to plaintiff's further contention, the failure of

defendant's medical expert to make available for inspection all of the documents used to formulate his opinion is not the equivalent of a situation in which a witness is required to make available for inspection documents and materials used either in preparation for trial or to refresh the witness's recollection (*see Crawford v Lahiri*, 250 AD2d 722, 723 [1998]; *Doxtator v Swarthout* [appeal No. 1], 38 AD2d 782 [1972]). Here, the expert witness testified that his secretary prepared the file for him to bring to court from Massachusetts and that she had inadvertently failed to include certain documents. There is no indication in the record that the expert consulted those documents either in preparation for trial or to refresh his recollection prior to testifying (*see e.g. Campbell v Aerospace Prods. Intl.* [appeal No. 2], 37 AD3d 1156 [2007]; *Maisch v Millard Fillmore Hosps.* [appeal No. 1], 278 AD2d 838 [2000]; *Hannold v First Baptist Church*, 254 AD2d 746, 747 [1998]). We note that the rules of the Fifth Judicial District, where this action was tried, do not require an expert to make available for inspection all documents considered in formulating his or her opinion.

Based on our conclusion, we do not address defendant's remaining contentions. Present—Martoche, J.P., Smith, Peradotto, Green and Pine, JJ.