■ RAYMOND B. FERNEKES, Respondent, v CATSKILL REGIONAL MEDICAL CENTER, Appellant, et al., Defendant. [906 NYS2d 167]—

McCarthy, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered October 6, 2009 in Sullivan County, which, among other things, granted plaintiff's motion to compel discovery.

Plaintiff commenced this action alleging that he was assaulted by defendant "John Doe"[1] when both were patients at the hospital operated by defendant Catskill Regional Medical Center (hereinafter CRMC). CRMC opposed disclosure of certain documents requested by plaintiff, including an incident report written by Barbara Blume, the nurse who discovered plaintiff after the incident. CRMC also refused to produce Ann Korabik, incident coordinator and director of the performance improvement department, for a deposition. Plaintiff moved to compel disclosure (*see* CPLR 3124). CRMC cross-moved for protective orders (*see* CPLR 3103). As relevant here, Supreme Court held that CRMC was required to disclose the incident report because Blume reviewed it before her deposition. The court also ordered

1. Plaintiff sued Doe using a fictitious name and has since learned his true identity, but the action's caption has not been amended and it is unclear whether Doe has been served.

that Korabik appear at a deposition and produce business operations reports relating to the incident. CRMC appeals.

Supreme Court properly ordered CRMC to produce Korabik for a deposition and for her to bring nonprivileged documents with her. As the party objecting to disclosure, CRMC bore the burden of establishing that the material sought was privileged (*see Jackson v Jamaica Hosp. Med. Ctr.*, 61 AD3d 1166, 1168 [2009]). CRMC submitted only an attorney affirmation stating that Korabik had no knowledge of the incident other than from reading the incident report, which she did not prepare, and that no investigation into the incident was ever conducted.[2] CRMC contends that the incident report was created pursuant to Public Health Law § 2805-*l*. That statute requires an investigation of reportable incidents (*see* Public Health Law § 2805-*l* [3]), raising concerns as to whether the mandatory investigation was conducted and whether any nonprivileged information was revealed. Additionally, the record contains a redacted portion of the incident report submitted to the Department of Health. That redacted report does not list the name of the person who created it, raising a question as to who authored the submitted report and whether more than one report was created. The court only required Korabik to be deposed on and produce documents relating to hospital procedures and nonprivileged information pertaining to this incident obtained in the regular course of business. As no privilege was implicated, and plaintiff sought the deposition to obtain relevant and material evidence, the court's order regarding Korabik was proper.

CRMC was statutorily mandated to file with the Department of Health an incident report about any incident which led to the impairment of a patient's bodily functions due to circumstances unrelated to the natural course of an illness, disease or proper treatment (*see* Public Health Law § 2805-*l* [2] [a]). Any such reports required by Public Health Law § 2805-*l* are exempt from disclosure pursuant to CPLR article 31 (*see* Education Law § 6527 [3]; *Katherine F. v State of New York*, 94 NY2d 200, 204-205 [1999]; *Marte v Brooklyn Hosp. Ctr.*, 9 AD3d 41, 46 [2004]; *see also Stalker v Abraham*, 69 AD3d 1172, 1174-1175 [2010]; *Matter of Khan v New York State Dept. of Health*, 17 AD3d 938, 941 [2005]). Whether plaintiff was injured because he was assaulted, as he alleges, or he merely fell of his own accord, as implied by CRMC, a report of that incident created pursuant to Public Health Law § 2805-*l* would not be subject to disclosure.

---

**2.** While the attorney affirmation states that Korabik was willing to submit an affidavit to that effect, no such affidavit was produced in response to the instant motions.

Plaintiff contends that Blume's report is subject to disclosure because any statutory exemption was waived by CRMC when Blume reviewed it prior to her deposition. CRMC did not waive, or intentionally relinquish, its right to keep the report confidential simply by allowing its own employee to read the document, unlike if the report had been supplied to a disinterested third party (*see Nga Le v Stea*, 286 AD2d 939, 939-940 [2001]; *Little v Hicks*, 236 AD2d 794, 795 [1997]; *see also Matter of Khan v New York State Dept. of Health*, 17 AD3d at 941). In comparison, a party is deemed to have waived the privilege that applies to material prepared for litigation if that material is reviewed by a witness to refresh his or her recollection prior to a trial or deposition and the testimony is based, at least in part, on that material (*see Hannold v First Baptist Church*, 254 AD2d 746, 747 [1998]; *Stern v Aetna Cas. & Sur. Co.*, 159 AD2d 1013, 1013-1014 [1990]; *Rouse v County of Greene*, 115 AD2d 162, 162 [1985]; *Doxtator v Swarthout*, 38 AD2d 782 [1972]). Yet the privilege attached to material prepared for litigation is conditional, with the possibility of a party being required to disclose it, even if the privilege is not waived, if the other party has substantial need of it and withholding the document would result in undue hardship (*see* CPLR 3101 [d] [2]). While an unqualified privilege, such as applies to attorney work product, can be waived by a party, it is not waived merely through the client's review of an attorney's memorandum in preparation for a deposition (*see Geffers v Canisteo Cent. School Dist. No. 463201*, 105 AD2d 1062, 1062 [1984]). Similarly, a social worker's review of a confidential case file prior to testifying does not constitute a wholesale waiver of the privileges attached to that file (*see Matter of Lenny McN.*, 183 AD2d 627, 627-628 [1992]). Where a witness preparing for a deposition reviews a document that is statutorily protected from disclosure by an unqualified privilege, that review itself does not waive the privilege (*cf. id.; but see Matter of Slotnik v State of New York*, 129 Misc 2d 553, 555 [1985]). Hence, if Blume's incident report was truly created pursuant to Public Health Law § 2805-*l*, CRMC did not waive the statutory privilege attached to the incident report, and it is not subject to disclosure.

Based on its ruling, Supreme Court did not decide whether Blume's report qualified as an incident report under Public Health Law § 2805-*l*. CRMC, as the party opposing disclosure and invoking a privilege, bore the burden of demonstrating that the report was prepared in accordance with the statute and is therefore privileged (*see Ross v Northern Westchester Hosp. Assn.*, 43 AD3d 1135, 1136 [2007]; *cf. Friend v SDTC-Center for Discovery, Inc.*, 13 AD3d 827, 829 [2004]). Because we cannot

determine from this record whether CRMC has met its burden, we remit the matter to Supreme Court to review the report in camera and determine whether that document, or any part of it, is protected from disclosure (*see Learned v Faxton-St. Luke's Healthcare*, 70 AD3d 1398, 1399 [2010]; *Leardi v Lutheran Med. Ctr.*, 67 AD3d 651, 652 [2009]; *Fray v Fulton Commons Care Ctr., Inc.*, 51 AD3d 968, 969 [2008]; *Klingner v Mashioff*, 50 AD3d 746, 747 [2008]; *Ross v Northern Westchester Hosp. Assn.*, 43 AD3d at 1136).

Peters, J.P., Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as ordered disclosure of defendant Catskill Regional Medical Center's incident report prepared by Barbara Blume; matter remitted to the Supreme Court for an in camera review of that report in accordance with this Court's decision; and, as so modified, affirmed.