[949 NYS2d 666]

Gentry T. Beach et al., Respondents/Counterclaim Defendants-Respondents, v Touradji Capital Management, LP, et al., Defendants/Counterclaim Plaintiffs-Appellants, and Vollero Beach Capital Partners, LLC, et al., Counterclaim Defendants-Respondents.

First Department, August 21, 2012

### APPEARANCES OF COUNSEL

*O'Brien LLP*, New York City (*Sean O'Brien* and *Sara A. Welch* of counsel), and *Gibbons, P.C.*, New York City (*Elizabeth Ann Fitzwater* of counsel), for appellants.

*Liddle & Robinson, L.L.P.*, New York City (*David I. Greenberger, Jeffrey L. Liddle, James R. Hubbard* and *Jennifer Rodriguez* of counsel), for respondents.

### OPINION OF THE COURT

ABDUS-SALAAM, J.

At issue in this appeal is whether reports prepared by a computer forensic analyst retained by plaintiff's counsel in connection with a discovery demand by defendants for production of plaintiff's computers are privileged. The motion court held that the reports are privileged and that the privilege was not waived when the analyst read his reports to refresh his recollection prior to testifying. We reverse, and remand the matter to the motion court for an in camera inspection to determine what portions, if any, of the reports are privileged attorney work product, as the remaining portions are discoverable pursuant to CPLR 3101 (d) (2).

Plaintiffs Gentry Beach and Robert Vollero were employed as portfolio managers by defendant/counterclaim plaintiff Touradji Capital Management LP (Touradji) from 2005 through 2008. After their departure, plaintiffs commenced this action seeking more than $50 million in compensation they claimed was owed to them. Defendants filed counterclaims against plaintiffs and their new business, Vollero Beach Capital Funds, including a claim that plaintiffs had stolen its proprietary information in order to form their new venture, which directly competes with defendants.

During discovery, in response to a demand by defendants, Vollero produced a CD containing electronic files related to his work at Touradji. Defendants sought to obtain Vollero's personal laptop computers for a forensic examination, believing they contained stolen proprietary information. The Special Master denied that request, instead ordering Vollero to be deposed concerning the electronic files he had produced. At deposition, Vollero testified that he believed the files he had produced on the CD had been transferred from his personal Sony Vaio computer. He also testified that he owned an IBM Thinkpad, but did not recall putting any Touradji data on that computer. In response to this testimony, Touradji requested that it be permitted to examine both of the personal computers, or that the computers be analyzed by a third-party forensic examiner. Vollero did not comply with that request, but his counsel arranged for a forensic examination of the computers, and Touradji identified specific areas of inquiry for the examiner.

The forensic computer analyst retained by Vollero's counsel performed an examination which revealed that none of the electronic files produced by Vollero had been located on the Sony Vaio, but instead had been on the IBM Thinkpad. Additionally, the forensic analyst identified hundreds of deleted files related to Touradji on the IBM Thinkpad and restored them. He also found other files on both the Sony Vaio and the IBM Thinkpad that were responsive to Touradji's discovery demands. Those files were produced to Touradji. A subsequent application by defendants for an order compelling Vollero to turn over the two computers to their own vendor for inspection and analysis was denied; instead the Special Referee ordered a four-hour deposition of the forensic analyst.

The forensic analyst testified about the searches, software, and methods he used to examine the computers, although he could not recall all the specifics of his findings. Touradji's counsel asked the forensic analyst whether he had prepared a "written report" of his findings concerning the Vollero computers. Plaintiffs' counsel objected to the question on the grounds of privilege. The Special Referee permitted the question to be asked, as it simply called for a yes or no answer, and the forensic analyst responded, "yes." Touradji's counsel then asked the forensic analyst if he had reviewed the reports prior to his deposition and the analyst replied that he had reviewed his reports. Touradji made an application to the Referee seeking production of those reports, asserting that the reports were not privileged,

and that even if they were, the privilege was waived when the forensic analyst used the reports to refresh his recollection prior to his deposition. The Referee denied the application, noting that the reports were privileged or material prepared for litigation and not subject to discovery.

In moving to review the Referee's ruling and obtain discovery of the forensic analyst's reports, Touradji argued that this Court's decision in *Herrmann v General Tire & Rubber Co.* (79 AD2d 955 [1981]), held that once a witness has reviewed a document to refresh his recollection for a deposition, the adverse party is entitled to it, even if it is otherwise privileged. Plaintiffs opposed the motion, arguing that although the *Herrmann* case seemed to direct release of the report, *Herrmann* is not followed by the other Departments. The motion court held that the reports are privileged and denied the motion.

The work product of an attorney is privileged, and that privilege "extends to experts retained as consultants to assist in analyzing or preparing the case" (*Hudson Ins. Co. v Oppenheim*, 72 AD3d 489, 490 [2010]). However,

> "that doctrine affords protection only to facts and observations disclosed *by the attorney*. Thus, it is the information and observations of the attorney that are conveyed to the expert which may thus be subject to trial exclusion. The work product doctrine does not operate to insulate other disclosed information from public exposure" (*People v Edney*, 39 NY2d 620, 625 [1976]; *see also Central Buffalo Project Corp. v Rainbow Salads*, 140 AD2d 943, 944 [1988] [the concept of attorney work product is narrowly construed and "embraces 'interviews, statements, memoranda, correspondence, briefs, mental impressions, and personal beliefs' that were held, prepared or conducted by the attorney"]; *Zimmerman v Nassau Hosp.*, 76 AD2d 921, 922 [1980] ["only the information and observations disclosed *by the attorney* and conveyed to the expert . . . are subject to exclusion"]).

In this case, the reports were prepared at the request of plaintiff's counsel in response to defendants' demand that they be permitted to examine plaintiff's computers. Instead of permitting defendants to conduct their own examination, plaintiff's counsel retained a forensic analyst to ostensibly perform the same search that would have been conducted by

defendants if they had been given access to the computers. The only portion of the analyst's reports that could be attorney work product would be impressions, directions, etc., of counsel.

The court should have conducted an in camera review to ascertain whether any portion of the reports is attorney work product (*see Hudson Ins. Co. v Oppenheim*, 72 AD3d 489 [2010], *supra* [court conducted in camera review of the withheld documents before concluding that they were privileged]). The information in the reports as to how the search was conducted, what was found, what was deleted, when it was deleted, etc., is material prepared for litigation, and defendants have demonstrated a substantial need for the reports and are unable to obtain the information by any other means (CPLR 3101 [d] [2]; *see Drizin v Sprint Corp.*, 3 AD3d 388, 390 [2004]). Additionally, the conditional privilege that attaches to material prepared for litigation is waived when used by a witness to refresh a recollection prior to testimony (*see Merrill Lynch Realty Commercial Servs. v Rudin Mgt. Co.*, 94 AD2d 617 [1983]; *compare Maisch v Millard Fillmore Hosps.*, 278 AD2d 838 [2000]).

To the extent that any portion of the reports prepared by the forensic analyst is attorney work product, the privilege protects the reports notwithstanding that the analyst reviewed the reports prior to his deposition (*see generally Fernekes v Catskill Regional Med. Ctr.*, 75 AD3d 959, 961 [2010]; *Geffers v Canisteo Cent. School Dist. No. 463201*, 105 AD2d 1062 [1984]). While *Herrmann* (79 AD2d 955 [1981]) has been cited for the contrary result, requiring production of a report on the ground that the attorney work product privilege has been waived by the witness's review of a work product document prior to testimony (*see e.g. Crawford v Lahiri*, 250 AD2d 722 [1998]), the issue in *Herrmann* involved a tape recording of a witness interview that had been made by an insurance company, not by or for an attorney. Thus, it was material prepared for litigation, and whatever conditional privilege attached to the tape was waived when it was used to refresh the witness's recollection prior to testimony (*see Rouse v County of Greene*, 115 AD2d 162 [1985] [citing *Herrmann*, and holding that any conditional privilege that may have attached to a diary kept of medical treatment was waived when witness used diary to refresh recollection prior to testimony]; *see also Merrill Lynch Realty Commercial Servs. v Rudin Mgt. Co.*, 94 AD2d 617 [1983], *supra* [citing *Herrmann* and holding that any privilege for a chronology that had been kept was waived when used to prepare for deposi-

tion]). Because an inartful reference to attorney work product in *Herrmann* may indicate that the ruling in *Herrmann* applies to a waiver of attorney work product privilege, we clarify that the attorney work product privilege is not waived when a privileged document is used to refresh the recollection of a witness prior to testimony.

Accordingly, the order of the Supreme Court, New York County (Richard B. Lowe III, J.) entered September 29, 2011 which denied the motion by defendants and counterclaim plaintiffs for review of the Special Referee's ruling and to obtain discovery of forensic reports, unanimously reversed, on the law, with costs, the order vacated, and the matter remanded for an in camera inspection of the reports to determine what portion, if any, are subject to privilege.

FRIEDMAN, J.P., DEGRASSE and FREEDMAN, JJ., concur.

Order Supreme Court, New York County, entered September 29, 2011, reversed, on the law, with costs, the order vacated, and the matter remanded for an in camera inspection of the reports to determine what portion, if any, are subject to privilege.