Williams v Ridge View Manor, LLC (2020 NY Slip Op 06894)





Williams v Ridge View Manor, LLC


2020 NY Slip Op 06894


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


790 CA 19-00939

[*1]ROBERT C. WILLIAMS, JR., AS ADMINISTRATOR OF THE ESTATE OF CHYRIE L. WILLIAMS, DECEASED, PLAINTIFF-RESPONDENT,
v
RIDGE VIEW MANOR, LLC, AND LEGACY HEALTH CARE, LLC, DEFENDANTS-APPELLANTS. (APPEAL NO. 1.) 






CAITLIN ROBIN AND ASSOCIATES, PLLC, BUFFALO (ANGELA THOMPSON-TINSLEY OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
BROWN CHIARI LLP, BUFFALO (MICHAEL C. SCINTA OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered May 6, 2019. The judgment awarded plaintiff money damages upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and a new trial is granted.
Memorandum: Plaintiff commenced this action as the administrator of the estate of his mother, Chyrie L. Williams (decedent), seeking to recover damages for injuries that decedent allegedly sustained due to, among other things, defendants' negligence and violations of the Public Health Law. In appeal No. 1, defendants appeal from a judgment awarding plaintiff damages following a jury trial. In appeal No. 2, defendants appeal from an order denying their motion to set aside the verdict.
Although we reject defendants' contention in appeal No. 1 that the verdict is against the weight of the evidence (see Hoover v New Holland N. Am., Inc., 100 AD3d 1495, 1497 [4th Dept 2012], affd 23 NY3d 41 [2014]), we agree with defendants that Supreme Court erred in allowing plaintiff to cross-examine a defense expert using the deposition of decedent's husband, a nonparty. CPLR 3117 limits the use of a nonparty's deposition at trial to either the impeachment of that nonparty as a witness (see CPLR 3117 [a] [1]), or for "any purpose against any other party" in case of the nonparty's unavailability at trial (CPLR 3117 [a] [3]; see United Bank v Cambridge Sporting Goods Corp., 41 NY2d 254, 264 [1976], rearg denied 41 NY2d 901 [1977]). Here, plaintiff was not using the husband's deposition testimony to impeach the husband's own trial testimony, and the husband was available and testified at trial. Contrary to plaintiff's assertion, CPLR 4515 does not permit a party to cross-examine an expert with all the materials that the expert reviewed in formulating his or her opinion, regardless of the independent admissibility of those materials (see generally Jemmott v Lazofsky, 5 AD3d 558, 560 [2d Dept 2004]). "That statute provides only that an expert witness may on cross-examination 'be required to specify the data and other criteria supporting the opinion' " (Cromp v Ahluwalia, 43 AD3d 1389, 1390 [4th Dept 2007], lv denied 9 NY3d 818 [2008], quoting CPLR 4515). Because the testimony pertained directly to the central issue to be resolved by the jury, i.e., the quality of care that decedent received, the error was not harmless, and we therefore reverse the judgment and order a new trial (see Billok v Union Carbide Corp., 170 AD3d 1388, 1389-1390 [3d Dept 2019]; see generally M.S. v County of Orange, 64 AD3d 560, 562 [2d Dept 2009]).
Defendants' remaining contentions in appeal No. 1 are academic.
With respect to appeal No. 2, because the issues raised on appeal from the order are brought up for review and have been considered on the appeal from the final judgment in appeal No. 1, the appeal from the order in appeal No. 2 must be dismissed (see Smith v Catholic Med. Ctr. of Brooklyn & Queens, 155 AD2d 435, 435 [2d Dept 1989]; see also CPLR 5501 [a]; cf. Knapp v Finger Lakes NY, Inc., 184 AD3d 335, 337 [4th Dept 2020]).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court