■ SELVANATHAN LAKSHMANAN, Individually and as Administrator of the Estate of MEENAKSHI LAKSHMANAN, Deceased, Respondent, v NORTH SHORE UNIVERSITY HOSPITAL et al., Appellants, et al., Defendants. [610 NYS2d 528] —In an action to recover damages for medical malpractice, the defendants North Shore University Hospital, Karen Black, and Paula Schwartz appeal from so much of an order of the Supreme Court, Queens County (Di Tucci, J.), entered December 27, 1991, as denied that branch of their motion which was for a protective order and granted the plaintiffs' cross motion to compel them to comply with a demand for discovery and inspection.

Ordered that the order is modified, by granting the appellants' motion for a protective order and denying the plaintiffs' motion to compel disclosure to the extent that (a) disclosure of the documents requested in item numbered 3 is limited to any statements by an individual appellant who attended a meeting pursuant to Education Law § 6527 (3) in relation to the subject matter of this action, (b) disclosure of the documents requested in item numbered 13 is limited to any statements by an individual appellant who attended a peer committee review meeting, and (c) items numbered 14 through 17 are stricken from the demand for discovery and inspection, without prejudice to service of a proper notice identifying with reasonable particularity the items to be examined; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and, within 30 days after service upon them of a copy of this decision and order, with notice of entry, the appellant hospital is directed to produce before the Supreme Court, Queens County, a record of any peer-review committee meeting for in camera inspection by the court, and the appellants are directed to comply with the notice for discovery and inspection.

Items numbered 3 and 13 of the plaintiffs' demand for discovery and inspection are proper insofar as the plaintiffs seek disclosure of the statements of the individual appellants who attended any meeting held pursuant to Education Law § 6527 (3) involving the subject matter of this action *(see, Carroll v St. Luke's Hosp.,* 91 AD2d 674). Statements by persons who attended any such meeting on behalf of the appellant hospital, however, are not discoverable *(see, Lenard v New York Univ. Med. Ctr.,* 83 AD2d 860). Since the proceedings and records of meetings held pursuant to Education Law § 6527 (3) are confidential, the appellant hospital is directed to produce before the Supreme Court, Queens County, for in camera review the records of any such meeting held in connection with the subject matter of this action, and the court shall redact any material which is exempt from disclosure.

We find that items 14 through 17 were not specified "with reasonable particularity" as required by CPLR former 3120 (a) (1) (i) *(see also,* CPLR 3120 [a] [2]). In view of our determination, we do not reach the issue of whether the items requested are privileged under Education Law § 6527 (3) and Public Health Law § 2805-m.

We have considered the appellants' remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Copertino and Hart, JJ., concur.