■ ANN MARIE MUIR, Respondent, v SUSAN CALABRO et al., Respondents, and JANE HARVEY et al., Appellants. [628 NYS2d 814] —In an action to recover damages for medical malpractice, the defendants Lillian Harvey M.D. s/h/a Jane Harvey M.D. and North Shore University Hospital appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dunkin, J.), dated March 23, 1994, as directed them to respond to items 15, 16 and 18 of the plaintiff's notice for discovery and inspection.

Ordered that the order is modified on the facts, by deleting the first decretal paragraph thereof and substituting therefor a provision directing the appellants to produce before the Supreme Court, Queens County, for in camera review, their responses to items 15, 16 and 18 of the plaintiff's notice for discovery and inspection; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

To the extent that the correspondence sought in item 15 reiterates statements made at a medical review function by one other than "a party to an action or proceeding, the subject matter of which was reviewed at such meeting", the material is not subject to disclosure (Education Law § 6527 [3]).

Item 16 of the plaintiff's notice for discovery and inspection seeks "[t]he minutes or other records of any meetings at which the [subject] procedure * * * was discussed". To the extent that any such minutes exist, it is necessary for a determination to be made as to whether the meeting was a part of the medical review function.

Finally with regard to item 18, which seeks discovery of any letters of reprimand sent to any of the defendants regarding the subject procedure, we stress that the reprimands are not subject to discovery to the extent that they were authored by persons who attended any meeting conducted pursuant to Education Law § 6527 (3) on behalf of the appellant hospital (see, Lakshmanan v North Shore Univ. Hosp., 202 AD2d 398).

The Supreme Court upon its in camera review in accordance herewith, shall redact any material which is exempt from disclosure (see, Lakshmanan v North Shore Univ. Hosp., supra). Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.