■ DOREEN HEITMAN, Appellant, v ENRICO S. MANGO, Defendant, and SUFFOLK ANESTHESIOLOGY, P. C., et al., Respondents. [654 NYS2d 413] —In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 30, 1996, as denied that branch of her motion which, in effect, was for an in camera review of "any prior complaints and incident reports regarding the failure of defendant [Jose] Saladin to adequately anesthetize patients up to and including said defendant's participation in the surgery upon the plaintiff herein".

Ordered that the order is reversed insofar as appealed from, with one bill of costs payable by the respondents appearing separately and filing separate briefs, that branch of the motion which, in effect, was for an in camera review of the above-described materials is granted, and the defendants St. John's Episcopal Hospital and Suffolk Anesthesiology, P. C., are directed to produce for in camera inspection before the Supreme Court, Suffolk County, within 30 days after service upon them of a copy of this order, "any prior complaints and incident reports regarding the failure of defendant [Jose] Sala-

din to adequately anesthetize patients up to and including said defendant's participation in the surgery upon the plaintiff herein".

The plaintiff moved to direct the defendants Suffolk Anesthesiology, P. C., and St. John's Episcopal Hospital to comply with a Notice to Take Deposition upon Oral Examination and a Notice of Discovery and Inspection, both dated August 2, 1994, which sought the disclosure, *inter alia,* of "[t]he personnel file of defendant Jose Saladin, M.D." In his reply affirmation, the plaintiff's attorney, Richard D. Kranich, limited the scope of the demand by indicating that the plaintiff was interested in "any prior complaints and incident reports regarding the failure of defendant Saladin to adequately anesthetize patients up to and including said defendant's participation in the surgery upon the plaintiff herein". As limited by the foregoing language, the subject demand properly specifies the documents to be disclosed with reasonable particularity (*see, Conway v Bayley Seton Hosp.,* 104 AD2d 1018).

The mere fact that such prior complaints and incident reports may have been placed by the defendants in their Quality Assurance Files does not per se render these documents privileged from disclosure under Education Law § 6527 (3). We thus direct the Supreme Court to conduct an in camera review of the documents submitted by the defendants so that it may determine which of them are entitled to the statutory privilege (*see, Lakshmanan v North Shore Univ. Hosp.,* 202 AD2d 398). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.