■ LUCY SPRADLEY et al., Respondents, v PERGAMENT HOME CENTERS, Defendants, and WINTHROP UNIVERSITY HOSPITAL, Nonparty Appellant. [689 NYS2d 516] —In an action to recover damages for personal injuries, etc., nonparty Winthrop University Hospital appeals from an order of the Supreme Court, Nassau County (Di Noto, J.), dated April 8, 1998, which granted the plaintiffs' motion to compel it to produce certain documents.

Ordered that the order is modified by (1) deleting the provision thereof granting that branch of the plaintiffs' motion which was to compel the appellant to disclose the report of its Quality Management Department, and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof granting that branch of the motion which was to compel disclosure of the file maintained by the Quality Management Department; as so modified, the order is affirmed, with costs to the appellant, and the matter is remitted to the Supreme Court, Nassau County, for an in camera inspection of the Quality Management Department file; and it is further,

Ordered that the appellant is directed to produce the file of the Quality Management Department for an in camera inspec-

tion before the Supreme Court, Nassau County, within 30 days after service on it of a copy of this decision and order, with notice of entry.

The Supreme Court erred in requiring the appellant to disclose a report issued by its Quality Management Department which assessed the care provided to the injured plaintiff, Lucy Spradley. The foregoing report, which relates to a quality assurance review function, is privileged (*see,* Education Law § 6527 [3]; *Buckley v Litman,* 57 NY2d 516, 518-519; *Shapiro v Health Ins. Plan,* 7 NY2d 56, 60-61; *Shapiro v Central Gen. Hosp.,* 251 AD2d 317; *Dos v St. John's Episcopal Hosp.,* 199 AD2d 460; *see also, Heitman v Mango,* 237 AD2d 330; *Bush v Wright,* 222 AD2d 546; *Van Caloen v Poglinco,* 214 AD2d 555).

The appellant further claims that the court erred in requiring it to produce the file maintained by the Quality Management Department with respect to the instant matter. On the record before us, however, it cannot be determined whether the documents maintained in the file should be protected by the privilege. We have observed in this respect that merely because documents are placed in a quality assurance file does not "per se render these documents privileged from disclosure under the Education Law § 6527 (3)" (*Heitman v Mango, supra,* 237 AD2d 330, 331). Accordingly, we direct the Supreme Court to conduct an in camera inspection of the documents in the file so that it may determine which of them, if any, are entitled to the statutory privilege (*see, Heitman v Mango, supra; cf., Lakshmanan v North Shore Univ. Hosp.,* 202 AD2d 398).

The appellant's remaining contentions are without merit. Bracken, J. P., Thompson, Joy and Luciano, JJ., concur.