■ NATIONWIDE INSURANCE COMPANY, Appellant, v ANTHONY CRISANO et al., Respondents. [729 NYS2d 912] —In an action for a judgment declaring that the plaintiff has no duty to defend or indemnify the defendant Anthony Crisano in an action entitled *Lotardo v Crisano* in the Supreme Court, Kings County, under Index No. 41223/91, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), entered September 21, 2000, as denied that branch of its motion which was to vacate item 4 from the defendants' motion for discovery and inspection dated February 16, 2000.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, and the matter is remitted to the Supreme Court, Nassau County, for an in camera

inspection of the so-called "computer entered notes" which were reviewed by the plaintiff's witness prior to his deposition, and to make a new determination of that branch of its motion which was to vacate item 4 from the defendants' motion for discovery and inspection dated February 16, 2000.

The plaintiff stated with reasonable particularity the reason for its objection to the defendants' notice for discovery and inspection dated February 16, 2000 (*see,* CPLR 3122 [a]).

On the record before us, it cannot be determined whether the so-called "computer entered notes" maintained by the plaintiff are privileged (*see, Spradley v Pergament Home Ctrs.,* 261 AD2d 391). Accordingly, we direct the Supreme Court to conduct an in camera inspection of the notes so that it may determine which of them, if any, are privileged. Santucci, J. P., S. Miller, Luciano, Feuerstein and Adams, JJ., concur.