THERESA SANTERO, Appellant, v HOMI B. KOTWAL et al., Respondents. [772 NYS2d 342]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Richmond County (Ponterio, J.), dated February 25, 2003, which denied that branch of her motion which was, in effect, to compel the defendants to produce an incident report regarding a surgical procedure performed on her at the defendant Staten Island University Hospital on April 21, 2000, and granted the defendants' cross motion to compel her to submit to a further urological examination, including a urodynamic study.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion which was, in effect, to compel the defendants to produce an incident report regarding a surgical procedure performed on the plaintiff at the defendant Staten Island University Hospital on April 21, 2000, and substituting therefor a provision granting that branch of the motion to the extent of directing the defendants to produce the aforementioned report for an in camera examination and disclosure, and (2) deleting the provision thereof granting the cross motion and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Richmond County, for an in camera examination and disclosure as directed herein.

Contrary to the defendants' contention, the plaintiff's demand was sufficiently particularized. The affirmation of the plaintiff's attorney in support of her motion to compel indicated that she sought an incident report produced by the defendants as a result of the surgical procedure performed on her on April 21, 2000. The demand properly specified the document to be disclosed

with reasonable particularity (*see Heitman v Mango,* 237 AD2d 330 [1997]).

While the incident report may be protected from disclosure pursuant to Education Law § 6527 (3) and Public Health Law § 2805-m, any statements therein made by an individual defendant to this action are not immune from disclosure. Accordingly, the Supreme Court, Richmond County, is directed to conduct an in camera review of the incident report, which is to be submitted by the defendants within 30 days after service upon them of a copy of this decision and order, so that it may redact any material which is exempt from disclosure, and thereafter furnish a redacted copy to the plaintiff (*see Makris v Westchester County,* 300 AD2d 366 [2002]; *Spradley v Pergament Home Ctrs.,* 261 AD2d 391 [1999]; *Lakshmanan v North Shore Univ. Hosp.,* 202 AD2d 398, 399 [1994]).

The plaintiff established that the urological examination sought by the defendants is potentially harmful, and clearly invasive. Accordingly, the Supreme Court should have denied the defendants' cross motion to compel her to submit to further urological testing (*see Bobka v Mann,* 308 AD2d 497 [2003]; *Marino v Pena,* 211 AD2d 668 [1995]). Florio, J.P., Krausman, Luciano, Townes and Rivera, JJ., concur.