■ JACQUELINE SCHNEER ROSS, Appellant, v NORTHERN WESTCHESTER HOSPITAL ASSOCIATION, Doing Business as NORTHERN WESTCHESTER HOSPITAL, Respondent. [842 NYS2d 543]—

In an action to recover damages for medical malpractice and negligence, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered December 13, 2006, as denied that branch of her motion which was, in effect, to compel the defendant to provide certain disclosure.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the motion which was, in effect, to compel the defendant to provide certain disclosure is granted to the extent that the defendant is directed to provide the requested documents subject to in camera review of the defendant's claims of privilege, and the matter is remitted to the Supreme Court, Westchester County, for an in camera inspection of the requested documents.

The instant case arises out of an incident wherein the plaintiff's then 85-year-old decedent allegedly was injured when

she fell out of a hospital bed while she was a patient in the defendant's care. During the course of discovery proceedings, the plaintiff sought the production of, among other items, all reports pertaining to similar incidents that had occurred during the three-year period prior to the accident. The defendant claimed that the requested material was privileged under Education Law § 6527 (3) and Public Health Law § 2805-*l*. The Supreme Court denied the plaintiff's motion which, in effect, sought to compel the defendant to comply with her discovery demands.

Pursuant to Education Law § 6527 (3), certain documents generated in connection with the "performance of a medical or a quality assurance review function," or which are "required by the department of health pursuant to section twenty-eight hundred five-l," are generally not discoverable (*see Marte v Brooklyn Hosp. Ctr.,* 9 AD3d 41, 42 [2004]). However, the defendant, as the party seeking to invoke the privilege, had the burden of demonstrating that the documents sought were prepared in accordance with the relevant statutes (*see Marte v Brooklyn Hosp. Ctr.,* 9 AD3d at 46). Here, the defendant merely asserted that a privilege applied to the requested documents without making any showing as to why the privilege attached.

Since it is impossible upon this record to ascertain what documents are in the defendant's possession, and to determine the nature of those documents, we remit the matter to the Supreme Court, Westchester County, to determine, after an in camera review, which of the documents or parts thereof, if any, are protected from disclosure by the statutory privileges (*see Nationwide Ins. Co. v Crisano,* 286 AD2d 670, 671 [2001]; *Spradley v Pergament Home Ctrs.,* 261 AD2d 391, 392 [1999]; *cf. Santero v Kotwal,* 4 AD3d 464, 465 [2004]; *Bush v Wright,* 222 AD2d 546, 547 [1995]; *Lakshmanan v North Shore Univ. Hosp.,* 202 AD2d 398, 399 [1994]). Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., concur.