■ MYRNA KLINGNER, Appellant, v ROBERT MASHIOFF et al., Defendants, and ELLIOT PAUL et al., Respondents. [855 NYS2d 628]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals, as limited by her notices of appeal and brief, (1) from so much of an order of the Supreme Court, Queens County (Grays, J.), dated January 22, 2007, as granted the cross motion of the defendants Elliot Paul, Rafael Barreira-Sweeney, Arthur David M. Smith, and Long Island Jewish Medical Center for a protective order to the extent of directing them to submit to the court certain documents for in camera inspection, and (2) from so much of an order of the same court dated May 21, 2007, as, upon in camera inspection of those documents, granted the cross motion for a protective order.

Ordered that the appeal from the order dated January 22,

2007 is dismissed, as no appeal lies from an order that does not decide a motion made on notice (see CPLR 5701 [a] [2]), and on the further ground that that order was superseded by the order dated May 21, 2007; and it is further,

Ordered that the order dated May 21, 2007 is modified, on the law, by deleting the provision thereof granting the branch of the cross motion which was for a protective order with respect to the first document listed on the privilege log of the defendant Long Island Jewish Medical Center as to the statements therein made by several of the individual defendants regarding the subject matter of this action and substituting therefor a provision denying that branch of the cross motion; as so modified, the order dated May 21, 2007 is affirmed insofar as appealed from, without costs or disbursements, and the time for the defendant Long Island Jewish Medical Center to serve on the plaintiff the first document listed on its privilege log with the confidential information redacted shall be within 30 days after service upon it of a copy of this decision and order.

The Supreme Court properly directed the defendant Long Island Jewish Medical Center (hereinafter the Hospital) to submit to the court the documents set forth in the Hospital's privilege log for in camera inspection in order to assist the court in determining whether the documents in fact are privileged under Education Law § 6527 (3) and Public Health Law § 2805-m (see Ross v Northern Westchester Hosp. Assn., 43 AD3d 1135, 1136 [2007]; Spradley v Pergament Home Ctrs., 261 AD2d 391, 392 [1999]).

After conducting an in camera inspection of the documents, the Supreme Court properly concluded that the documents are privileged. Upon this Court's review of the documents, it is clear that each was prepared in connection with a quality assurance review function and/or a malpractice prevention program of the Hospital pursuant to Public Health Law § 2805-j, and/or as part of the Hospital's required incident reporting to the Department of Health pursuant to Public Health Law § 2805-l. Thus, the documents are exempt from disclosure under Education Law § 6527 (3) and Public Health Law § 2805-m (see Logue v Velez, 92 NY2d 13, 16-18 [1998]).

However, the first document listed on the Hospital's privilege log, minutes of a departmental mortality and morbidity meeting convened approximately two weeks after the death of the plaintiff's decedent, contained, among other things, statements by several of the individual defendants herein regarding the subject matter of this action. Those statements are not exempt from disclosure by Education Law § 6527 (3) or Public Health

Law § 2805-m (*see Logue v Velez,* 92 NY2d at 18; *Santero v Kotwal,* 4 AD3d 464, 465 [2004]; *De Paolo v Wisoff,* 94 AD2d 694, 694-695 [1983]; *Carroll v St. Luke's Hosp. of Newburgh,* 91 AD2d 674, 675 [1982]). Thus, the Hospital must redact the privileged information contained in the first document listed in the Hospital's privilege log and produce the redacted document to the plaintiff.

The plaintiff's remaining contentions are without merit. Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.