■ MERLENE FRAY, Appellant, v FULTON COMMONS CARE CENTER, INC., Respondent. [860 NYS2d 543]—

In an action, inter alia, to recover damages for personal injuries and wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated January 31, 2007, as, in effect, upon reargument, adhered to so much of its original determination in an order dated November 22, 2006, as, in effect, granted that branch of the defendant's cross motion which was for a protective order regarding certain reports and an investigative file concerning a particular incident.

Ordered that the order dated January 31, 2007 is reversed insofar as appealed from, on the law, with costs, upon reargument, so much of the order dated November 22, 2006, as, in effect, granted that branch of the defendant's cross motion which was for a protective order regarding the reports and the investigative file concerning the subject incident is vacated, and the matter is remitted to the Supreme Court, Nassau County, for an in camera inspection of the reports and the investigative file concerning the subject incident and a new determination of

that branch of the defendant's cross motion which was for a protective order regarding the reports and the investigative file concerning the subject incident.

On August 23, 2004 the plaintiff's then 94-year-old decedent, who was a resident of the defendant's nursing home, allegedly was injured while a nurse's aide was undressing her for bed. The decedent died a week later.

Subsequently, the plaintiff, alleging, inter alia, that the decedent was injured and died as a result of improper treatment she received at the nursing home, commenced the instant action. The plaintiff sought discovery of, among other items, any "incident reports" or "investigative file[s]" concerning the incident. The defendant acknowledged that it had incident reports "generated at the behest of" a quality assurance committee, as well as an investigative file concerning the incident "generated by" that committee. However, the defendant contended that the plaintiff was not entitled to the reports or any of the documents contained in the file. In support of its contention, the defendant asserted that the reports and the documents were privileged under Education Law § 6527 (3) and Public Health Law § 2805-*l*. The defendant moved for, and was granted, a protective order concerning these materials.

Pursuant to Education Law § 6527 (3), certain documents generated in connection with the "performance of a medical or quality assurance review function," or which are "required by the department of health pursuant to" Public Health Law § 2805-*l*, are generally not discoverable (*see Ross v Northern Westchester Hosp. Assn.*, 43 AD3d 1135, 1136 [2007]; *Marte v Brooklyn Hosp. Ctr.*, 9 AD3d 41, 42 [2004]). However, it is impossible on this record to determine whether the incident reports or the documents in the investigative file, or any portions thereof, are, as the defendant asserted, protected by that privilege. Accordingly, we remit the matter to the Supreme Court, Nassau County, for an in camera inspection of the reports and the investigative file concerning the subject incident, and a new determination of that branch of the defendant's cross motion which was for a protective order regarding the reports and the investigative file concerning the subject incident (*see Ross v Northern Westchester Hosp. Assn.*, 43 AD3d at 1136; *Santero v Kotwal*, 4 AD3d 464, 465 [2004]; *Spradley v Pergament Home Ctrs.*, 261 AD2d 391, 392 [1999]; *Lakshmanan v North Shore Univ. Hosp.*, 202 AD2d 398, 399 [1994]; *cf. Klingner v Mashioff*, 50 AD3d 746 [2008]). Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.