DEBORAH LEARDI, Appellant, v LUTHERAN MEDICAL CENTER et al., Respondents. [888 NYS2d 168]—

In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated May 15, 2008, as, in effect, denied that branch of her motion which was to compel disclosure of any incident reports prepared by the defendant Lutheran Medical Center relating to the care and treatment of Marilyn Cushing on February 11, 2004 and February 12, 2004, and granted the cross motion of the defendant Lutheran Medical Center for a protective order exempting from disclosure any such incident reports.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for an in camera inspection of any incident reports prepared by the defendant Lutheran Medical Center relating to the care and treatment of Marilyn Cushing on February 11, 2004 and February 12, 2004, and thereafter for a new determination of that branch of the plaintiff's motion which was to compel disclosure of any such incident reports, and of the cross motion of the defendant Lutheran Medical Center for a protective order exempting from disclosure any such incident reports.

The "quality assurance privilege" set forth in Education Law § 6527 (3) shields from disclosure certain records and reports generated by a hospital in performing either a medical malpractice or quality assurance review (*see Logue v Velez*, 92 NY2d 13, 15-17 [1998]). The statute confers confidentiality on three categories of documents: records relating to the performance of medical review and quality assurance functions; records reflecting "participation in a medical and dental malpractice prevention program"; and reports required by the New York State Department of Health (hereinafter the DOH) pursuant to Public Health Law § 2805-*l* (Education Law § 6527 [3]; *see Katherine F v State of New York*, 94 NY2d 200, 204 [1999]).

Here, the defendant Lutheran Medical Center (hereinafter

the hospital) admitted that it prepared an incident report relating to the treatment of the late Marilyn Cushing, but asserted that this report is privileged by Education Law § 6527 (3). However, the nature of this incident report is not clear from the record, and it is thus impossible to determine whether the entire incident report, or any portion thereof, is protected because it contains information generated through the performance of a quality review function, or because it is a report required by the DOH pursuant to Public Health Law § 2805-*l*. Accordingly, we remit the matter to the Supreme Court, Kings County, for an in camera inspection of any incident reports prepared by the hospital relating to the care and treatment of Marilyn Cushing on February 11, 2004 and February 12, 2004, and thereafter for a new determination of that branch of the plaintiff's motion which was compel disclosure of any such incident reports, and the cross motion of the hospital for a protective order exempting from disclosure any such incident reports (*see Fray v Fulton Commons Care Ctr., Inc.,* 51 AD3d 968, 969 [2008]; *Ross v Northern Westchester Hosp. Assn.,* 43 AD3d 1135, 1136 [2007]; *Marte v Brooklyn Hosp. Ctr.,* 9 AD3d 41 [2004]). Santucci, J.P., Chambers, Hall and Roman, JJ., concur.