In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), entered December 10, 2010, which granted the plaintiffs motion to compel disclosure of an incident report prepared by the defendant relating to an incident which occurred on March 31, 2007, and denied its cross motion for a protective order regarding such report.
Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for an in camera inspection of the incident report prepared by the defendant relating to the incident which occurred on March 31, 2007, to be supplied by the defendant, and thereafter a new determination of the plaintiffs motion to compel disclosure of the report and the defendant’s cross motion for a protective order regarding such report.
On March 31, 2007, the plaintiff allegedly was injured when she fell out of a hospital bed while she was a patient in the defendant’s care. During the course of discovery proceedings, the plaintiff sought the prodúction of, among other items, “the accident report, pertaining to plaintiffs fall on March 31, 2007, prepared by a nurse in accordance with policy and procedure (as testified to by Lorraine Wedderburn at deposition on February 9, 2010).” The defendant claimed that the only report in its possession- relating to the subject incident was privileged under Education Law § 6527 (3) and Eublic Health Law § 2805-m. The Supreme Court granted the plaintiff’s motion to compel disclosure of the report and denied the defendant’s cross motion for a protective order exempting the report from disclosure.
*1263 The “quality assurance privilege” set forth in Education Law § 6527 (3) shields from disclosure certain records and reports generated by a hospital in performing either a medical malpractice or quality assurance review (see Logue v Velez, 92 NY2d 13, 15-17 [1998]). The statute confers confidentiality on three categories of documents: records relating to the performance of medical review and quality assurance functions; records reflecting “participation in a medical and dental malpractice prevention program”; and reports required by the New York State Department of Health (hereinafter the DOH) pursuant to Public Health Law § 2805-1 (Education Law § 6527 [3]; see Katherine F. v State of New York, 94 NY2d 200, 204 [1999]). The party seeking to invoke the privilege has the burden of demonstrating that the document sought was prepared in accordance with the relevant statutes (see Ross v Northern Westchester Hosp. Assn., 43 AD3d 1135, 1136 [2007]; Marte v Brooklyn Hosp. Ctr., 9 AD3d 41, 46 [2004]).
Here, the defendant asserted that the only document responsive to the discovery demand was an incident report prepared pursuant to Public Health Law § 2805-1 and used in its quality review process. However, the nature of this incident report is not clear from the record. Nurse Wedderburn testified at a deposition that the defendant’s policy was for the nurse caring for the patient to prepare an incident report. There is no indication in the record as to who prepared the incident report in question. It is thus impossible, on the record before us, to determine whether the entire incident report, or any portion thereof, is protected because it contains information generated through the performance of a quality review function, or because it is a report required by the DOH pursuant to Public Health Law § 2805-1. Accordingly, we remit the matter to the Supreme Court, Nassau County, for an in camera inspection of the incident report prepared by the defendant relating to the incident which occurred on March 31, 2007, to be supplied by the defendant, and thereafter a new determination of the plaintiff’s motion to compel disclosure of the incident report and the defendant’s cross motion for a protective order exempting from disclosure such incident report (see Leardi v Lutheran Med. Ctr., 67 AD3d 651 [2009]; Ross u Northern Westchester Hosp. Assn., 43 AD3d at 1136; Marte v Brooklyn Hosp. Ctr., 9 AD3d 41 [2004]).
The plaintiffs remaining contention is without merit. Florio, J.E, Balkin, Belen and Chambers, JJ., concur.