# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**245**

**CA 12-00526**

PRESENT: CENTRA, J.P., FAHEY, CARNI, LINDLEY, AND WHALEN, JJ.

---

CHRISTINE ANDOLINA-STOVCSIK, ALSO KNOWN AS
CHRISTINA A. STOVCSIK, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF MARY ANDOLINA,
ALSO KNOWN AS MARY K. ANDOLINA, DECEASED,
PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CONESUS LAKE NURSING HOME, LLC, BRENDA
ROBINSON, LPN, BETHANY LEVEN, RN, PAULETTE
PFUNTER, LPN, LINDA CLARK, RN, BEVERLY
FELDER, RN, DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.
(APPEAL NO. 1.)

---

CELLINO & BARNES, P.C., BUFFALO (BRIAN A. GOLDSTEIN OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HARTER SECREST & EMERY LLP, ROCHESTER (RICHARD E. ALEXANDER OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------

Appeal from an order (denominated decision and order) of the
Supreme Court, Livingston County (Robert B. Wiggins, A.J.), entered
October 18, 2011. The order, inter alia, denied that part of
plaintiff's cross motion for sanctions.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this wrongful death action
seeking damages for the fatal injuries sustained by plaintiff's
decedent as a result of defendants' alleged negligence and medical
malpractice. In appeal No. 1, plaintiff, as limited by her brief,
appeals from an order insofar as it denied that part of her cross
motion for sanctions pursuant to 22 NYCRR 130-1.1. We conclude that
Supreme Court did not abuse its discretion in declining to sanction
the attorney for defendants-respondents (*see* 22 NYCRR 130-1.1 [a],
[c] [3]; *Moody v Sorokina*, 56 AD3d 1246, 1246).

In appeal No. 2, plaintiff appeals from an order that denied her
motion to compel discovery of certain documents. The court conducted
an in camera review of the disputed documents and determined that they
were privileged. We note at the outset that the contention of
defendants-respondents that plaintiff waived appellate review by

entering into a stipulation to be bound by an informal discovery procedure is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).  We further note that we are unable to address plaintiff's contentions that the documents in question are not privileged, and that there was a discrepancy between the privilege log provided to plaintiff pursuant to CPLR 3122 (b) and the documents submitted to the court for in camera review.  Consideration of those issues requires examination of the documents reviewed in camera by the court, but those documents were not included in the record on appeal, and plaintiff did not otherwise seek to submit them to this Court for in camera review.  Therefore, plaintiff " 'must suffer the consequences' " of submitting an incomplete record to this Court (*Cherry v Cherry*, 34 AD3d 1186, 1186).

Contrary to plaintiff's further contention, the court "properly directed [defendants-respondents] to submit . . . the documents set forth in . . . [the] privilege log [of defendants-respondents] for in camera inspection in order to assist the court in determining whether the documents in fact are privileged" under 42 USC § 1396r (b) (1) (B) and Education Law § 6527 (3) (*Klinger v Mashioff*, 50 AD3d 746, 747; *see generally Baliva v State Farm Mut. Auto. Ins. Co.*, 275 AD2d 1030, 1031).  The issue "whether a particular document is or is not protected is necessarily a fact-specific determination . . . , most often requiring in camera review" (*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 378; *see generally Ross v Northern Westchester Hosp. Assn.*, 43 AD3d 1135, 1136).

Entered:  April 26, 2013                    Frances E. Cafarell
                                           Clerk of the Court