OPINION OF THE COURT
Fred J. Hirsh, J.
Defendant moves to strike the notice of trial and certificate of readiness for trial on the grounds discovery is not complete.
*979 Background
Joseph Perez, M.D. is the owner of several medical facilities. While these facilities are located in different locations, the address for each of the medical facilities for which Dr. Perez is listed as the officer, shareholder or director with the Department of Education is 1890 New York Avenue, Huntington, New York 11746.
After receiving numerous no-fault claims from Dr. Perez facilities, Allstate Insurance Company began to investigate the operation of these facilities.
At an examination under oath conducted by Allstate in 2005, Dr. Perez testified he used management companies to pick the locations for his medical facilities, to hire and handle payroll for his support staff and to handle billing. The management companies used by Dr. Perez to provide these services are located at 1890 New York Avenue, Huntington, New York.
Allstate asserts it has repeatedly requested copies of the management agreements between Dr. Perez medical facilities and the management company. Allstate asserts it is entitled to discovery of these documents in connection with a Mallela defense. (See State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005].)
Allstate asserts the medical facilities owned by Dr. Perez also engage in a systematic pattern of overbilling. Testimony taken at examinations under oath of patients who receive treatment at Dr. Perez medical facilities indicate Dr. Perez and other doctors employed at those facilities submit bills for providing a complex examination that should take close to an hour when the examination took between 15 and 30 minutes.
Allstate further asserts Dr. Perez bills no-fault for services provided by independent contractors.
Allstate claims there is a pattern of providing similar if not identical treatment to patients who are examined by Dr. Perez or other doctors at Perez owned facilities. Allstate claims patients examined by Dr. Perez or at Perez owned facilities are regularly referred for chiropractic treatment at facilities owned by David Tubins, D.C. Allstate claims this raises issues regarding illegal fee-splitting with Dr. Tubins.
Allstate claims these circumstances lead it to believe Dr. Perez medical facilities are subject to a Mallela defense. Allstate seeks to obtain discovery in this regard and to take a deposition of Dr. Perez in regard to the possible Mallela defense.
*980 Huntington Medical Plaza, EC. is a facility owned by Dr. Perez. Huntington Regional Chiropractic, PC. is a facility owned by Dr. Tubins.
In addition to being the named officer, shareholder and director of Huntington Medical Plaza, PC., Dr. Perez is the named shareholder, officer and director of Brentwood Medical Plaza, EC., Brentwood Medical Care, EC., Patchogue Medical Plaza EC., Patchogue Medical Services, EC., Hempstead Medical Plaza, EC., Hempstead Medical Care, EC. and Stony Brook Medical Care, EC.
Allstate has served a notice for discovery and inspection requesting Huntington Medical Plaza, PC. produce copies of its banking records and banking resolutions, tax returns, office and equipment leases, management agreements and other corporate records it would need to establish a Mallela defense. Huntington Medical Plaza, EC. has objected to producing this material asserting the demands are overbroad, unduly burdensome and irrelevant.
Plaintiffs assert this is nothing more than a “fishing expedition” and the discovery is unrelated to the real issues in this case that involve the denial of claims on the grounds the fees are not in accordance with the fee schedule and the medical services were not medically necessary. Plaintiffs claim a similar request for similar discovery has been rejected by the Civil Court, Queens County.
Discussion
Because Mallela involves issues that are not ordinarily in issue in actions to recover first-party no-fault benefits, a party seeking Mallela discovery must establish a reasonable basis for requesting the material. (Midborough Acupuncture, P.C. v State Farm Ins. Co., 21 Misc 3d 10 [App Term, 2d Dept, 2d & 11th Jud Dists 2008].)
The use of a management company to manage the business of a medical provider is not in and of itself insufficient to establish a Mallela defense. The issue is what control does the management company have over the operation of the medical practice and to what extent is the management company realizing the financial benefits from the operation of the medical practice. The issues in determining whether a medical facility is subject to a Mallela defense are whether the fees being paid to the management for routine services excessive, is the management company renting office supplies, equipment and space to the *981 medical provider for payments that are excessive, are the management company employees the sole signatories to the medical practice bank accounts, is the medical provider actually performing the medical services for which the professional corporation was formed, to what extent is the licensed professional involved in the decisions relating to the operation of the medical facility and is the licensed professional more like a salaried employee or the owner of the business. (See Matter of Andrew Carothers, M.D., P.C. v Insurance Cos. Represented by Bruno Gerbino & Soriano, LLP, 26 Misc 3d 448 [Civ Ct, Richmond County 2009].) Stated more simply, is the licensed professional involved both medically and operationally in the operation of the business or has the medical professional simply provided a license that permits persons who lack a license to operate, control and benefit from the operation of a medical facility or practice.
While this court believes the proper procedure for an insurer who believes a provider is subject to a Mallela defense is to commence a declaratory judgment seeking a determination of the provider’s eligibility to receive no-fault benefits, Mallela may be asserted as an affirmative defense to an action for no-fault benefits. (New York First Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co., 25 Misc 3d 134[A], 2009 NY Slip Op 52217[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009].)
CPLR 3101 (a) provides for full disclosure by a party to an action of “all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof.” CPLR 3101 (b) provides that privileged material is not subject to discovery.
Information is “material and relevant” for the purposes of CPLR 3101 (a) if the demanded matter, “will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason.” (Allen v CrowellCollier Publ. Co., 21 NY2d 403, 406 [1968].) The demanded material must be produced if it can be used as evidence in chief, for rebuttal or for cross-examination. (Id.; Wind v Eli Lilly & Co., 164 AD2d 885 [2d Dept 1990].)
Documents that are not admissible into evidence may be obtained through discovery if the production of those documents may lead to the discovery of admissible evidence. (Matter of Southampton Taxpayers Against Reassessment v Assessor of Vil. of Southampton, 176 AD2d 795 [2d Dept 1991]; Fell v Presbyterian Hosp. in City of N.Y. at Columbia-Presbyt. Med. Ctr., 98 AD2d 624 [1st Dept 1983].)
*982 The party seeking production of the material has the burden of establishing that the production of the demanded material will lead to the discovery of relevant evidence while the party resisting the production of the material has the burden of establishing the material is irrelevant, privileged or confidential. (Crazytown Furniture v Brooklyn Union Gas Co., 150 AD2d 420 [2d Dept 1989]; Carp v Marcus, 116 AD2d 854 [3d Dept 1986]; Herbst v Bruhn, 106 AD2d 546 [2d Dept 1984].)
Most if not all of the documents and material demanded in regard to a Mallela defense, such as banking resolutions and statements, equipment and office leases, tax returns, management agreements, are documents that are in the exclusive possession and control of the medical provider. Most if not all of this material would be irrelevant to the action and not subject to discovery in an action to obtain payment of first-party no-fault benefits if the defendant insurer was not asserting a Mallela defense.
If the management company is actually operating Huntington Medical Plaza, EC. and Dr. Perez is providing his license to Huntington Medical Plaza, EC., Huntington Medical Plaza, EC. would be subject to a Mallela defense. It would not be eligible to receive payment of no-fault benefits for this claim. However, Huntington Medical Plaza, EC. should not have to produce and make available to the defendant corporate and financial documents that would otherwise not be subject to discovery simply because it filed no-fault claims or simply because Allstate has alleged a Mallela defense and has a suspicion Huntington might be running afoul of licensing laws.
The issue of whether the subject material is subject to discovery and whether Huntington Medical Plaza, EC. is subject to a Mallela defense will recur until such time as a court has determined whether there is a basis for asserting such a defense.
Where the court cannot determine from the record whether the disputed documents are subject to discovery, the court should direct that the documents be produced for an in camera inspection. (Ross v Northern Westchester Hosp. Assn., 43 AD3d 1135 [2d Dept 2007]; Matter of Chebere v Johnson, 3 AD3d 365 [1st Dept 2004]; Masterwear Corp. v Bernard, 298 AD2d 249 [1st Dept 2002]; Nationwide Ins. Co. v Crisano, 286 AD2d 670 [2d Dept 2001].) From a reading of the papers, the court cannot determine whether the material demanded is subject to discovery.
Therefore, defendant’s motion is granted to the extent that Huntington Medical Plaza, EC. shall produce for in camera *983 inspection copies of all banking resolutions, signature cards and account agreements for all bank accounts maintained by Huntington for the years 2011, 2012 and 2013, copies of all consulting/management agreements for the years 2011, 2012 and 2013, copies of all billing management agreements for the years 2011, 2012 and 2013, copies of all corporate tax returns for the years 2011 and 2012, and copies of all leases for premises occupied and equipment rented for the years 2011, 2012 and 2013.
Such documents shall be produced to the chambers of the Honorable Fred J. Hirsh, District Court, Nassau County, 99 Main Street, Hempstead, New York 11550 for in camera inspection within 90 days of the date of this order. All proceedings in this action are stayed pending the production of the documents and inspection by the court.