*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 22, 2015                520634
_____

DORAH I. BLUTH, Individually
    and as Executor of the
    Estate of DEEVA
    ROSENZWEIG, Deceased,
                        Appellant,
            v                                   MEMORANDUM AND ORDER

ALBANY MEDICAL CENTER et al.,
                        Respondents.
_____

Calendar Date:   September 16, 2015

Before:  Lahtinen, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Roemer Wallens Gold & Mineaux, LLP, Albany (Matthew J.
Kelly of counsel), for appellant.

        Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Robert
A. Rausch of counsel), for respondents.

_____

Egan Jr., J.

        Appeal from an order of the Supreme Court (O'Connor, J.),
entered October 28, 2014 in Albany County, which, among other
things, granted defendants' cross motion for a protective order.

        Plaintiff commenced this negligence and wrongful death
action alleging, among other things, that defendants failed to
administer certain prescribed medications to her mother, Deeva
Rosenzweig (hereinafter decedent), while decedent was a patient
at defendants' facility, causing decedent to fall and sustain
various injuries.  As part of her discovery demand, plaintiff
sought production of "any accident or incident reports" relating

to this event.  Defendants objected, contending that the subject
documents were privileged.  In response, plaintiff moved to
compel disclosure of the requested documents, and defendants
cross-moved for a protective order.  Supreme Court denied
plaintiff's motion and granted defendants' cross motion,
prompting this appeal.

Preliminarily, to the extent that defendants contend that
the order is not appealable as of right, we disagree (see
generally Fernekes v Catskill Regional Med. Ctr., 75 AD3d 959
[2010]; Stalker v Abraham, 69 AD3d 1172 [2010]; Fray v Fulton
Commons Care Ctr., Inc., 51 AD3d 968 [2008]; Ross v Northern
Westchester Hosp. Assn., 43 AD3d 1135 [2007]).  Turning to the
merits, defendants are statutorily required to report to the
Department of Health certain "adverse events," including —
insofar as is relevant here — "patients' deaths or impairments of
bodily functions in circumstances other than those related to the
natural course of illness, disease or proper treatment" (Public
Health Law § 2805-l [2] [a]).  However, Education Law § 6527 (3)
contains a "quality assurance privilege . . . [that] shields from
disclosure certain records and reports generated by a hospital in
performing either a medical malpractice or quality assurance
review" (Daly v Brunswick Nursing Home, Inc., 95 AD3d 1262, 1263
[2012] [internal quotation marks omitted]).  To that end, the
statute confers complete confidentiality upon records relating to
"quality assurance" and the "prevention of medical, dental and
podiatric malpractice" (Public Health Law § 2805-j [1]) and
investigations undertaken "[p]rior to granting or renewing
professional privileges" (Public Health Law § 2805-k [1]), as
well as those relating to adverse events as required by Public
Health Law § 2805-l (see Education Law § 6527 [3]; Public Health
Law § 2805-m [1]).  Notably, such records are expressly exempt
from disclosure under CPLR article 31 (see Education Law § 6527
[3]; Public Health Law § 2805-m [1]; Logue v Velez, 92 NY2d 13,
17 [1998]; Fernekes v Catskill Regional Med. Ctr., 75 AD3d at
960; Leardi v Lutheran Med. Ctr., 67 AD3d 651, 651 [2009]).

As the parties seeking to invoke the privilege, defendants
bore the burden of establishing that a review procedure was in
place and that the requested documents were prepared in
accordance with the relevant statutes (see Kneisel v QPH, Inc.,

124 AD3d 729, 730 [2015]; <u>Daly v Brunswick Nursing Home, Inc.</u>, 95 AD3d at 1263; <u>Stalker v Abraham</u>, 69 AD3d at 1173).  In this regard, although the affidavit tendered by one of defendants' senior vice-presidents indeed did more than assert – in a conclusory fashion – that the requested documents were prepared in conjunction with a quality assurance review program and fell within the scope of the asserted privilege (<u>compare</u> <u>Kneisel v QPH, Inc.</u>, 124 AD3d at 730; <u>Slayton v Kolli</u>, 111 AD3d 1314, 1314-1315 [2013]; <u>Kivlehan v Waltner</u>, 36 AD3d 597, 598-599 [2007]), it nonetheless failed to set forth sufficient details to enable either Supreme Court or this Court to conclude that such documents indeed are protected.  Accordingly, as we cannot ascertain from the record whether the requested documents are in fact exempt from disclosure, we remit this matter to Supreme Court for an in camera inspection of the documents and a determination as to whether such materials, or any part thereof, fall within the asserted privilege (<u>see</u> <u>Daly v Brunswick Nursing Home, Inc.</u>, 95 AD3d at 1263; <u>Fernekes v Catskill Regional Med. Ctr.</u>, 75 AD3d at 961-962; <u>Leardi v Lutheran Med. Ctr.</u>, 67 AD3d at 651-652; <u>Fray v Fulton Commons Care Ctr., Inc.</u>, 51 AD3d at 969).

    Lahtinen, J.P., Devine and Clark, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' cross motion for a protective order and vacated plaintiff's demand for any accident or incident reports; matter remitted to the Supreme Court for an in camera review of the documents at issue in accordance with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court