■ MELISSA GABRIELS, Appellant, v VASSAR BROTHERS HOSPITAL, Respondent, et al., Defendants. [24 NYS3d 189]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Lubell, J.), dated February 19, 2014, as denied those branches of her motion which were, in effect, to compel the defendant Vassar Brothers Hospital to produce intraoperative records pertaining to all surgical procedures performed by the defendant Spyros Panos on any nonparty patients on May 10, 2007, April 24, 2008, and September 3, 2009, reflecting every medical procedure he performed during those surgical procedures, and to produce the documents requested in item Nos. 4, 5, 6, 7, 8, 9, and 13 of the plaintiff's notice to produce dated May 2, 2012, and granted those branches of the cross motion of the defendant Vassar Brothers Hospital which were for a protective order striking the plaintiff's demands for those records and documents.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, (1) that branch of the plaintiff's motion which was, in effect, to compel the defendant Vassar Brothers Hospital to produce intraoperative records pertaining to all surgical procedures performed by the defendant Spyros Panos on any nonparty patients on May 10, 2007, April 24, 2008, and September 3, 2009, reflecting every medical procedure he performed during those surgical procedures, is granted to the extent that the defendant Vassar Brothers Hospital is directed to produce those records after redacting the names and other identifying information of the nonparty patients, and the parties and their counsel are directed to confine the distribution of those records to only the parties, their counsel, and their expert witnesses, and that branch of the cross motion of the defendant Vassar Brothers Hospital which was for a protective order striking the plaintiff's demand for those records is denied, and (2) the matter is remitted to the Supreme Court, Dutchess County, for an in camera inspection of the documents requested in item Nos. 4, 5, 6, 7, 8, 9, and 13 of the plaintiff's notice to produce dated May 2, 2012, to be supplied by the defendant Vassar Brothers Hospital, and thereafter a new determination of that branch of the plaintiff's motion which was, in effect, to compel the defendant Vassar Brothers Hospital to produce the documents requested in item Nos. 4, 5, 6, 7, 8, 9, and 13 of the plaintiff's notice to produce dated May 2, 2012, and that branch of the cross motion of the defendant Vassar Brothers Hospital which was to strike the plaintiff's demands for the documents

requested in item Nos. 4, 5, 6, 7, 8, 9, and 13 of the plaintiff's notice to produce dated May 2, 2012.

The plaintiff commenced this action alleging, inter alia, that the defendant physician Spyros Panos committed medical malpractice during the course of his treatment of her, including three surgeries that he performed on her on three different dates. The plaintiff further alleged that the defendant Vassar Brothers Hospital (hereinafter Vassar) was liable for the damages that the plaintiff sustained since it knew or should have known that Panos was committing malpractice, based upon the unprecedented number of surgical procedures he performed each day. The plaintiff asserted that it was impossible for Panos to have properly performed the number of surgical procedures that he claimed to have performed in the time frames that he reported to Vassar.

Under the circumstances of this case, the Supreme Court should have granted that branch of the plaintiff's motion which was, in effect, to compel Vassar to produce intraoperative records pertaining to all surgical procedures performed by Panos on any nonparty patients on the three dates that he performed surgery on the plaintiff, reflecting every medical procedure performed during those surgical procedures, and should have denied that branch of Vassar's cross motion which was for a protective order striking the plaintiff's demand for those records (see Cole v Panos, 128 AD3d 880, 884 [2015]).

In item Nos. 4, 5, 6, 7, 8, 9, and 13 of the plaintiff's notice to produce dated May 2, 2012, the plaintiff demanded that Vassar produce copies of any written complaints made to Vassar regarding Panos and any written responses thereto. Contrary to Vassar's contention, these demands specified the documents to be disclosed with reasonable particularity (see CPLR 3120 [2]; Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc., 54 AD3d 930, 933 [2008]; Heitman v Mango, 237 AD2d 330, 331 [1997]). Vassar further contends that these documents are immune from discovery pursuant to the quality assurance privilege (see Education Law § 6527 [3]; Public Health Law § 2805-m; Logue v Velez, 92 NY2d 13, 16-17 [1998]). "Records generated at the behest of a quality assurance committee for quality assurance purposes . . . should be privileged, whereas records simply duplicated by the committee are not necessarily privileged" (Marte v Brooklyn Hosp. Ctr., 9 AD3d 41, 48 [2004]). Since it is impossible on this record to determine whether the subject documents were generated at the behest of a quality assurance committee for quality assurance purposes, we remit the matter for an in camera inspection of the documents

requested in item Nos. 4, 5, 6, 7, 8, 9, and 13 of the plaintiff's notice to produce dated May 2, 2012, and thereafter a new determination of that branch of the plaintiff's motion which was, in effect, to compel Vassar to produce those documents and that branch of Vassar's cross motion which was for a protective order striking the plaintiff's demands for those documents (*see Daly v Brunswick Nursing Home, Inc.*, 95 AD3d 1262, 1263 [2012]; *Leardi v Lutheran Med. Ctr.*, 67 AD3d 651, 652 [2009]; *Chardavoyne v Cohen*, 56 AD3d 508, 509 [2008]; *Fray v Fulton Commons Care Ctr., Inc.*, 51 AD3d 968, 969 [2008]; *Ross v Northern Westchester Hosp. Assn.*, 43 AD3d 1135, 1136 [2007]; *Marte v Brooklyn Hosp. Ctr.*, 9 AD3d at 47-48; *Spradley v Pergament Home Ctrs.*, 261 AD2d 391, 392 [1999]; *Heitman v Mango*, 237 AD2d at 331). Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.