Newman v Mount Sinai Med. Ctr., Inc. (2022 NY Slip Op 03327)





Newman v Mount Sinai Med. Ctr., Inc.


2022 NY Slip Op 03327


Decided on May 19, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 19, 2022

Before: Webber, J.P., Mendez, Pitt, Higgitt, JJ. 


Index No. 151392/16 Appeal No. 15971-15971A Case No. 2021-04729, 2021-04730 

[*1]Aja Newman, Plaintiff-Appellant,
v
Mount Sinai Medical Center, Inc., et al., Defendants-Respondents, David Newman, M.D., et al., Defendants. 


Gary A. Lichtman Law Firm, New York (Katherine E. Smith of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliott J. Zucker of counsel), for respondents.



Order, Supreme Court, New York County (Eileen Rakower, J.), entered on or about August 21, 2018 which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to compel defendants The Mount Sinai Medical Center, Inc., The Mount Sinai Hospital and Mount Sinai Health System (collectively, Mount Sinai) to provide discovery concerning the identity of three other patients who were sexually assaulted by defendant David Newman M.D., and granted Mount Sinai's cross motion for a protective order shielding the identity of those patients, unanimously reversed, on the law, without costs, the motion granted subject to issuance of a qualified protective order under 45 CFR 164.512(e), and the cross motion denied. Order, same court and Justice, entered on or about August 3, 2021, which, to the extent appealable, denied plaintiff's motion to compel disclosure, unanimously reversed, on the law, without costs, the motion granted to the extent of directing Mount Sinai to provide the identities of hospital workers who worked with defendant Newman at the time of the assaults and to prepare a privilege log identifying any documents claimed to be privileged, and the matter remanded for further proceedings consistent herein.
Defendant Newman pleaded guilty to sexually assaulting four female patients, including plaintiff, who came under his care in the emergency room of Mount Sinai between the Fall 2015 and January 2016. Plaintiff asserts causes of action against Mount Sinai for, among other things, negligent hiring, retention, and supervision of employees. Mount Sinai asserts that certain information plaintiff seeks in discovery, including incident reports regarding defendant Newman, is protected by the privilege afforded to materials created in the quality assurance review process (Education Law § 6527[3]; Public Health Law § 2805-j[1]), or by the Health Insurance Portability and Accountability Act (HIPAA). Mount Sinai further contends that it need only identify witnesses to plaintiff's assault, and that there are no such witnesses; as a result, Mount Sinai concludes, it is not obliged to disclose either the names of hospital employees working with defendant Newman at the time of the assaults or the names of the other three patients whom Newman pleaded guilty to assaulting. Mount Sinai further asserts privilege under HIPAA with respect to any information pertaining to other three patients' medical records.
Mount Sinai failed to sustain its burden of establishing that it is entitled to invoke the quality assurance privilege for all the documents plaintiff seeks, as the only documents covered by that privilege are those generated in connection with a quality assurance review function under Education Law § 6527(3) (see Siegel v Snyder, 202 AD3d 125, 137 [2d Dept 2021]; Kivlehan v Waltner, 36 AD3d 597, 599 [2d Dept 2007]; Little v Highland Hosp., 280 AD2d 908, 909 [4th Dept 2001]). Furthermore, although the parties agree that "party statements" are [*2]an exception to the quality assurance privilege and must be produced, Mount Sinai has provided an affidavit of its chief medical officer (CMO) stating that she reviewed the quality assurance materials Mount Sinai has maintained in connection with the Newman investigation, and that, based on her review, there were no recorded party statements.
The CMO's affidavit, however, fails to make clear what documents were determined to be quality assurance materials, whether the CMO considered materials related to the other three patients to be within the scope of her search, or whether the quality assurance materials may contain statements attributed to anonymous sources, who may be parties (see Siegel v Snyder, 202 AD3d at 137). It is therefore not possible on this record to assess the accuracy of the hospital's certification that no party statements relating to any of the four assaults exist within any quality assurance materials. Accordingly, on remand, to the extent it has not already done so, Mount Sinai shall produce any party statements that are contained not in quality assurance materials, but in documents kept and prepared in the ordinary course of business (see Sanchez v Kateri Residence, 79 AD3d 492 [1st Dept 2010]). Additionally, Mount Sinai shall prepare a privilege log identifying all materials claimed to be protected by the quality assurance privilege and submit the documents for in camera review (see Creekmore v PSCH, Inc., 2008 NY Slip Op 30585[U] [Sup Ct, NY County 2008], affd 60 AD3d 585, 586 [1st Dept 2009]; see generally In re Subpoena Duces Tecum to Jane Doe, Esq., 99 NY2d 434, 442 [2003]).
As for incident reports, reports not generated in accordance with Mental Hygiene Law § 29.29, which applies to psychiatric hospitals, are, like other documents, not exempt from disclosure unless they were generated by a quality assurance review process (see e.g. DeLeon v Nassau Health Care Corp., 178 AD3d 897, 898 [2d Dept 2019]; Leardi v Lutheran Med. Ctr., 67 AD3d 651, 651 [2d Dept 2009]; Clement v Kateri Residence, 60 AD3d 527, 527 [1st Dept 2009]). We cannot review Mount Sinai's assertion of privilege because it has not identified any of the documents as to which the privilege is claimed (see Leardi, 67 AD3d at 651). Thus, Mount Sinai shall produce any incident reports generated in the ordinary course of hospital business. To the extent Mount Sinai claims that any incident reports were prepared as part of a quality assurance review process, such reports shall be identified on a privilege log setting forth the basis for asserting the privilege and submitted for in camera review (see Creekmore, 60 AD3d at 586; Leardi, 67 AD3d at 651).
We reject Mount Sinai's assertion that privilege excuses it from complying with plaintiff's discovery demands regarding the identities of the other three patients that defendant Newman assaulted. The doctor-patient privilege provided for by CPLR 4504(a) protects information relevant to a patient's medical treatment[*3], but the privilege does not cover incidents of abuse not part of a patient's treatment (see Djeddah v Williams, 89 AD3d 513, 514 [1st Dept 2011]). Moreover, while the court stated that disclosure would violate HIPAA, federal regulations provide for disclosure of HIPAA-protected documents subject to a showing that the party seeking disclosure has made a good faith effort to secure a qualified protective order, and plaintiff has done so in each of her motions (45 CFR 164.512[e][ii], [v]; see Arons v Jutkowitz, 9 NY3d 393, 414 [2007]).
Finally, the identities of defendant Newman's coworkers at the times of each of the assaults are relevant and must be disclosed, as those coworkers may have information concerning his conduct (see Stalker v Abraham, 69 AD3d 1172, 1173 [3d Dept 2010]). The names of the coworkers were contained in a statement of deficiencies prepared by Department of Health and Human Services, Center for Medicare and Medicaid Services, and plaintiff is entitled to production of that statement, redacted to remove conclusions of law and opinions of the Department of Health and Human Services (see Smith v Delago, 2 AD3d 1259, 1261 [3d Dept 2003]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022